No. 19,554.

W. H. Parrott *v.* The People of the State of Colorado.
(357 P. [2d] 634)

Decided December 12, 1960.

Plaintiff in error, pro se.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank

E. Hickey, Deputy, Mr. J. F. Brauer, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Hall delivered the opinion of the Court.

Plaintiff in error, defendant below, was by a jury found guilty of the offense of obtaining property by means of drawing and delivering a check on a bank in which he had no account, as defined in the laws adopted by the Forty-first General Assembly (1957 Session Laws), Chapter 126, section 1.

Defendant was represented at his trial by court appointed counsel. After the jury had returned its verdict of guilty, defendant's counsel filed a motion for a new trial and defendant directed a letter to the trial judge setting forth his reasons for wanting a new trial. The trial court considered this letter as a supplemental motion for a new trial. Both motions were denied, probation denied, and the defendant sentenced to a term of two and one-half to four years in the penitentiary. This apparently severe sentence was imposed because of three or more prior convictions of similar charges, and as provided by Chapter 126, section 4. The defendant is here by writ of error and appears pro se.

Defendant, as grounds for reversal, assigns fifteen alleged errors of the trial court. Most of these alleged errors were never called to the attention of the trial court during the course of the trial or by motion for new trial, and therefore are not subject to review. However, in order to make sure that the defendant is not improperly incarcerated, we have carefully reviewed the record and find no merit in any of the assignments of alleged error.

At the close of the People's case defendant moved for a directed verdict of not guilty because of the insufficiency of the evidence. This motion was denied and the

same point was again urged in the motion for a new trial.

■ The evidence is not only sufficient, but it is overwhelming. Witnesses testified to all of the pertinent facts and the defendant admitted writing and passing the check and stated that he did so because "he needed the money." Defendant stoutly contends that he did not intend to defraud or deceive anyone by issuing a check on a bank in which he then, and for a period of at least two years prior thereto, had no account at all. To give effect to such contention would be to render the statute meaningless. It was the function of the jury to pass on the question of intent and in so doing to consider all of the testimony. The finding of the jury is amply supported by the evidence. *Falcon v. People,* 143 Colo. 173, 352 P. (2d) 310.

■ During the trial one William Wallace, undersheriff, was called as a witness for the People. In describing his efforts to locate the defendant in order to place him under arrest, he stated before the jury that:

" * * * investigation was made to determine the whereabouts or location of W. H. Parrott, and it was determined *through his parole officer* that he was located at Glenwood Springs at the time working for an electric company. * * *." (Emphasis supplied.)

This statement by the parole officer was not elicited by the district attorney but was volunteered by the witness. No objection was then made by defendant or his counsel and objection cannot now be considered. An accused may not withhold objections awaiting the outcome of his trial and after conviction complain of matters which if presented during the trial would have enabled the court to act with reference thereto. *Martin v. People,* 114 Colo. 120, 162 P. (2d) 597; *Shier v. People,* 116 Colo. 353, 181 P. (2d) 366.

■ Defendant also complains of the fact that on the eve of his trial a local newspaper carried a news article announcing the trial to be held the following day and

gave details of four prior felony convictions of the defendant. Here again, no objection was made to going to trial, no motion for a change of venue filed, and though some of the jurors on their *voir dire* examination admitted having read the article there is nothing to indicate any were prejudiced thereby. Defendant did not exhaust his peremptory challenges so he cannot complain of the composition of the jury.

Finding no error in the trial proceedings, and the verdict of guilty being amply supported by competent and convincing evidence, the judgment is affirmed.

MR. JUSTICE DAY not participating.