No. 19,370.

JOHN GALLEGOS *v*. PEOPLE OF THE STATE OF COLORADO.
(362 P. [2d] 178)

Decided May 22, 1961.

Mr. SAMUEL BERMAN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Special Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error, to whom we will refer as defendant, was convicted of the crime of first degree murder and the penalty fixed at life imprisonment. Judgment entered accordingly and defendant seeks review by writ of error.

The district attorney called nine witnesses whose testimony established beyond question that the defendant committed the crime of which he was accused. The evidence disclosed without dispute in any material respect that on February 3, 1959, defendant, who had been drinking, arrived at his home in Denver. One Mrs. Villagrana, who also resided on the premises, requested him to refrain from disturbing her sick husband; she thereupon went into another room to make a phone call. Defendant followed her and stabbed her in the shoulder with a knife. Mary Gonzales, the deceased, attempted to defend Mrs. Villagrana whereupon defendant struck her with the knife, wounding her in the chest. She died from the effects of the stab wound.

The police arrived at the scene within a few minutes and defendant was arrested at the scene of the crime. He became very violent. Officer Lewis, one of the policemen who participated in the arrest, testified that defendant "cursed us out and said we couldn't do anything to him, that he had been in Canon City and he had deals with the * * *" The making of this statement by the witness Lewis was objected to by counsel for defendant. The trial court treated the objection and statement of counsel with relation thereto as a motion for a mistrial, and the same were overruled.

■ The assignment of error based on this evidence reads as follows:

"1. The Court erred in not granting Defendant's motion for a mistrial on the grounds of the statement, 'He said we couldn't do anything to him; that he had been in Canon City.' "

Counsel then lists eight alleged "points" in support of his contention that the admission of the statement attributed to defendant by the arresting officer was error warranting a reversal of the judgment. Basically, the argument is that by this evidence the jury was led to believe that defendant had been convicted of a felony, and that throughout the selection of the jury it had been made very clear that defendant did not intend to take the stand in his own behalf. We direct attention to the fact that the statement made by defendant was made voluntarily by him within a few minutes of the time he had stabbed the deceased, and at a time when he was violently resisting the efforts of officers to take him into custody. The trial court did not err in refusing to declare a mistrial. In *Thompson v. People,* 139 Colo. 15, 336 P. (2d) 93, and *McRae v. People,* 131 Colo. 305, 281 P. (2d) 153, the accused voluntarily made statements similar to that attributed to the defendant in the instant case, and it was held that no reversible error was committed by admission of those statements in evidence. See also *Parrott v. People,* 144 Colo. 587, 357 P. (2d) 634. The guilt of defendant was overwhelmingly established by competent evidence.

█ As a further ground for reversal it is argued that a new trial should be ordered for the reason that on the morning of the day when the jury was accepted and sworn, a Denver newspaper had published a statement relating to the trial, to the effect that "the ex-convict's trial began Tuesday in District Judge Steele's court." Counsel for defendant directed the attention of the court to the article. He had already exercised eleven preemptory challenges and the jurors in the box could not have seen the article. The trial court suggested that if any prospective juror who thereafter entered the box stated that he had read the morning paper, the court would excuse him. Counsel for defendant made no objection to this ruling. The jury was accepted by both sides without further challenges and without objection

of any kind appearing of record. There is no merit in the contention that defendant was prejudiced by a newspaper article which admittedly no member of the jury had seen.

As a third ground for reversal it is argued that the district attorney in his argument to the jury incorrectly asserted that the witness Gloria Villagrana had testified that she saw defendant stab the deceased, whereas the witness had not so testified. Actually, her testimony was that she saw the defendant stab her grandmother, Mrs. Villagrana. In closing argument by counsel for defendant the mistake of the district attorney was pointed out and the latter in rebuttal argument concurred in the correction made by defendant's attorney. The jury was instructed that the arguments of counsel were not to be considered as evidence. Counsel for defendant made no objection at the time of the original erroneous statement and we are not persuaded that defendant was in any way prejudiced by the incident of which he now complains for the first time.

The defendant had a fair trial and his guilt was clearly established.

The judgment therefore is affirmed.