Opinion by Mr.
Justice McWilliams.
Glen William Phelps was charged in the Arapahoe County Court in separate counts with drunken driving, driving under the influence of narcotic drugs, reckless driving, careless driving, driving on the wrong side of the road, and having suffered a prior conviction for drunken driving within the preceding five years. In a trial to the court Phelps was convicted of drunken driving and sentenced to ninety days in jail and a $100 fine was also imposed. By writ of error Phelps seeks reversal of the judgment and sentence.
At the outset it is noted that although the trial court made a specific finding “that the defendant is guilty of driving under the influence of intoxicating beverage,” the court made no formal disposition of the remaining five counts. The Attorney General contends that the failure to make any finding in connection with these counts is equivalent to acquittal by silence, and Phelps makes no complaint with this disposition of the charges. However, this omission by the trial court forms a part of the background for Phelps’ one assignment of error.
After the district attorney and Phelps had concluded their presentation of the evidence as to the facts and circumstances relating to the automobile accident out of which the prosecution arose, the district attorney without objection called Boydston, an investigator for the Motor Vehicle Department, and attempted to establish that within the preceding five years Phelps had suffered a conviction for drunken driving. In this connection the district attorney also without objection asked the court to take judicial notice of the fact that its record disclosed such a conviction. Phelps now claims this was highly prejudicial, particularly in view of the fact that *469 as of the moment this evidence was offered he had not been adjudged guilty of any offense, and that this allegedly improper procedure requires reversal of his conviction.
Under these circumstances the alleged error will not even be considered by us, inasmuch as no objection thereto was raised at the time of trial, nor was it later assigned as error in the motion for new trial. It is axiomatic that objections of this type may not be raised for the first time in this Court except under the. most unusual of circumstances, which suffice it to say are not to be found in the instant case. See Davis v. People, 112 Colo. 452, 150 P. (2d) 67 and Parrott v. People, 144 Colo. 587, 357 P. (2d) 634.
It should be specifically noted that present counsel for Phelps did not participate in the original trial of the matter.
There is no doubt as to the sufficiency of the evidence to sustain the conviction of drunken driving. A car driven by Phelps struck an automobile which had stopped for a traffic control signal light. Several witnesses testified that Phelps at the time was in an intoxicated condition. Upon trial, when Phelps voluntarily took the witness stand, his only explanation for the accident was that he had taken some tranquilizers, plus four beers and that he must have dozed at the wheel.
Finally, Phelps suggests that even though he was not adjudged to have been previously convicted of drunken driving, we — speaking ex cathedra — should nevertheless lay down the law as to just how and when the prior conviction, referred to in C.R.S. ’53, 13-4-30 (1960) Perm Supp.), should be established. For what we deem are obvious reasons, we are disinclined to so do, preferring to adhere to the biblical injunction that sufficient unto each day is the evil thereof.
In short, Phelps was convicted of drunken driving, there was ample evidence to support the conviction and *470 the sentence imposed was within the maximum and minimum sentence permitted by the applicable statute.
The judgment is affirmed.
Mr. Justice Sutton and Mr. Justice Hall concur.