No. 20,575.

EARL WOODROW PETERSON *v.* THE PEOPLE OF THE STATE OF COLORADO.
(384 P. [2d] 460)

Decided August 19, 1963.

24

 

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the ·Court.

WE will refer to the plaintiff in error Peterson . by name or as defendant, and to the defendant in error as the People.

Peterson was convicted of the burglary of a building owned by the International Union of Operating Engineers, Local No. 9, in Grand Junction, Colorado. He is here by writ of error from that conviction.

The testimony of the People's witnesses established that at about noon on February 2, 1962, the defendant was observed in front of the building in question. His activities were described in the following manner by James Cary, who watched from his home across the street from the union building:

"Well, he had a wire, and he would stick it in the door, and he would pull on it, and then he would come back and look both ways up and down the street, and he hesitated a little bit, and he was shaping this wire, and then he would go back and try it again, and after several times like that the door came open."

Cary proceeded to testify that the defendant then walked into the building and closed the door behind him.

Thereupon, Cary telephoned a Mrs. Bowen who worked at the union building and informed her of Peterson's presence. She arrived shortly thereafter and, after she entered the building, Cary observed Peterson leave the premises in great haste.

Mrs. Bowen testified that upon her arrival at the scene she unlocked the front door, entered the lobby and then unlocked the office door. She heard a closet door close and attempted to open the same, but was unable to do so because it was being held shut by someone inside. She called the defendant by name and told him to come out of the closet, which he did. In response to Mrs. Bowen's query as to what he was doing inside the office, Peterson replied that "He had just decided to go in and look around." Mrs. Brown testified that thereupon she picked up the telephone to make a call to the District Representative of the union, at which point the defendant left the office "rapidly."

W. W. Wallace, the District Representative of the union, testified that he had known the defendant about 15 years during which time Peterson had worked for him on various occasions. Wallace also stated that Peterson had been a frequent visitor at the union building.

The defendant took the stand and admitted his presence within the building at the time in question. He testified that the doors of the building and the office were open when he arrived at the building and that he entered and was about to make a telephone call when Mrs. Bowen arrived on the scene. He said that since he did not know who was at the door and since he had a previous criminal record he became nervous and hid in the closet. He testified further that he ran away from the building on being discovered by Mrs. Bowen for the same reason that had impelled him to hide in the closet.

During the course of the testimony, the District Attorney asked Mrs. Bowen why the policy of keeping the cash box locked in a file cabinet during the noon hour

was changed so that it was placed in the office safe. The witness replied that the policy had been changed because of two prior burglaries committed in August and October of 1961. No objection was made to this testimony nor did defendant request that it be stricken. No further questions were asked on direct examination concerning the prior burglaries. On cross-examination, however, counsel for the defendant engaged in a lengthy interrogation of Mrs. Bowen concerning these burglaries and the circumstances under which they were committed.

During the interrogation of the witness Wallace, the District Attorney stated to the court: "Now, if your Honor please, for the purpose of showing intent, design, and scheme, I should like to go into two similar transactions with this witness."

No objection was made to this line of questioning and Wallace then testified that there were two previous burglaries in August and October of 1961 and related the manner in which entrance had been gained into the union office. He went on to testify that the defendant had been in the office on numerous occasions and knew of the office policy in regard to keeping money in the cash box and the location of the same. This was the extent of his testimony on direct examination with respect to the so-called similar transactions. Again, no motion was made to strike the testimony but, as in the case of Mrs. Bowen, counsel for the defense launched an extensive inquiry into the circumstances of the prior burglaries. In response to cross-examination, Wallace said that he had been of the opinion that someone other than Peterson was responsible for the prior burglaries. Defendant's counsel continued to pursue this line of questioning and in its course elicited from Wallace his opinion that the defendant was in Grand Junction when the prior burglaries occurred, and that as a matter of fact Peterson was in the office on each of the Monday morn-

ings following the prior burglaries and was very interested in discussing the burglaries.

■ The defendant's motion for a new trial was based solely on the ground that the trial court erred in allowing the introduction of the testimony relating to the prior burglaries and as a result of such error the defendant was prejudiced. In seeking reversal here he specifies the same grounds which he declared in his motion for a new trial. He argues, however, not that it was error to admit the testimony but that the case should be reversed because the trial court did not, either at the time the evidence was introduced or by way of a general instruction, advise the jury of the limited application of such evidence. No request by the defendant for a cautionary instruction, either at the time of the introduction of the evidence or at the time the general instructions were given by the court, appears in the record before us. In support of his contention, defendant cites *Stull v. People,* 140 Colo. 278, 344 P. (2d) 455.

We do not reach the issue presented by *Stull* because the record here shows that defendant's motion for a new trial was based solely on the trial court's permitting the evidence of the prior burglaries to be introduced. It did not urge as error that the trial court gave no cautionary instructions to the jury.

■ It may very well be that the evidence introduced by the state here was too tenuous to connect the defendant with the prior burglaries, but if so, the defendant waived any objection thereto by his failure to ask the court to strike the testimony from the record. The trial court was correct in denying his motion for a new trial based on the ground that the admission of such evidence was error.

Moreover, if there was any evidence which tended to establish a connection between the defendant and his prior acts sufficient to permit the jury to consider this evidence, it came about as a result of the cross-examination of the People's witnesses by the defendant and not

by anything those witnesses testified to on direct examination.

Rule 33, Colo. R.C.P., provides that a motion for new trial shall point out with particularity the defects and errors complained of in the trial of the case. Rule 37(b), Colo. R.C.P., provides:

"A writ of error shall not issue to a final judgment against a defendant unless a motion for a new trial or in arrest of judgment has been filed as provided by Rules 33 and 34 and a clerk's certificate to that effect has been filed with the Supreme Court. Only questions presented in such motions will be considered on review, except that plain error or defects affecting substantial rights may be noted although they were not brought to the attention of the trial court."

As we have said, defendant's motion for a new trial attacked the trial court's action in allowing the evidence relating to other burglaries to be introduced. It made no claim of error in the procedure employed by the court at the time the evidence was received or thereafter. Under the circumstances, we will not review the alleged claims of error relating to the prior burglaries. *Parrott v. People,* 144 Colo. 587, 357 P. (2d) 634, Rule 37(b), Colo. R.C.P. Moreover, considering the record here, it is quite clear that this is not a case where the conditions precedent to review prescribed by Rule 37(b), Colo. R.C.P., should be overlooked for the purpose of noting plain error or defects affecting substantial rights. See *Shier v. People,* 116 Colo. 353, 181 P. (2d) 366.

The judgment is affirmed.