No. 21408.

VICTOR MORENO v. THE PEOPLE OF THE STATE OF COLORADO.
(400 P.2d 899)

Decided March 29, 1965. Rehearing denied April 26, 1965.

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, Assistant, GEORGE H. SIBLEY, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE SCHAUER delivered the opinion of the Court.

PLAINTIFF in error, hereinafter referred to as the defendant, or by name, was convicted of the crime of burglary, and sentenced to a term in the State Penitentiary. Motion for new trial was filed and denied.

A brief summary of the facts contained in the transcript of the evidence should prove helpful in the consideration and determination of defendant's three assertions of error.

Shortly after 11:00 o'clock P.M., on the night of August 30, 1963, one Ponds heard the sound of breaking glass. From his second-story window he observed a person, whom he could not definitely identify, entering the front door of a building owned by one Powell. Mr. Ponds' vantage point and the door through which entry was being made were separated by a distance of approximately twenty-five or thirty feet and were located

in adjacent buildings. Witness Ponds had just gone to his window in response to the sound of a commotion directly below him when he was attracted to the crash of breaking glass. He then leaned out of the window and saw a man entering through the paneless door. The street was well lighted and Ponds observed that the person who entered the Powell building through the broken glass door was dressed in dark clothes. He also observed his build, height, head and hair and his apparent Spanish nationality. Ponds called Powell, who called the police, which set in motion an immediate investigation. No one was found in the building but it was determined that between $110.00 and $120.00 in currency had been taken.

Defendant was arrested in a tavern only three doors distant. He was wearing a dark suit when he entered the tavern and went to the men's rest room at the rear of the establishment, and shortly returned therefrom without his coat. He then occupied a stool at the bar near the front door. While he was at the bar, witness Ponds, at the request of the police, looked into the tavern and pointed out and identified the defendant as the person he had seen enter the Powell premises through the broken glass door. Arrest of the defendant was made immediately by the police.

The following morning the police found a dark coat under the seat of a booth in the rear part of the tavern, and recovered $108.00 in currency partly hidden in a towel dispenser in the rest room. At the police station, after the arrest, an officer found imbedded in the sole of defendant's right shoe a fragment of glass. A sample of the glass taken from the sidewalk in front of the Powell building, resembling in size and character the fragment taken from defendant's shoe, was admitted in evidence. Such was the evidence before the court when the State closed its case and defendant made a motion for a directed verdict, which was denied.

Defendant prosecutes this writ of error pro se, and

sets forth the following arguments in his attempt to reverse the judgment of conviction:

1. That the trial court erred in not dismissing the case at the conclusion of the evidence of the People; and that the resultant verdict is contrary to the law and the evidence.

2. That the trial court erred in admitting into evidence a fragment of glass without proper foundation therefor.

3. That the trial court erred in allowing testimony of other unrelated offenses to go before the jury.

■■ Arguments Nos. 1 and 3 were not presented in defendant's motion for new trial. Rule 37(b), Colo. R. Crim. P., provides that:

"* * * Only questions presented in such motions will be considered on review, except that plain error or defects affecting substantial rights may be noted although they were not brought to the attention of the trial court."

We find nothing in the record indicating that the instant case falls within the exception noted; accordingly, we will therefore not consider on this review the questions raised in defendant's Arguments 1 and 3. Moreover, a careful reading of the transcript of evidence clearly supports the judgment of defendant's appointed trial counsel in not asserting these two points in his motion for a new trial. Responsible counselors do not submit contentions of error unless support therefor can be found in the record. It sufficeth to refer to *Peterson v. The People,* 153 Colo. 23, 384 P.2d 460.

■ In his motion for new trial, defendant did, however, assert error in the admission into evidence of his shoe and samples of glass from the door of Powell's building, as being prejudicial to his defense. The case against defendant was based upon circumstantial evidence and the jury was instructed as to the weight to be given such evidence. We find that the court was justified in receiving these exhibits into evidence as

circumstances, in a series of circumstances, upon which the State's case was based.

It appears appropriate to quote from the brief of the People as follows:

"The fragment of glass, People's Exhibit B, the admission of which is charged as error was offered and admitted as an example of the small fragment (about the size of a matchhead) of the fragment found imbedded in the sole of one of the Defendant's shoes worn by him at the time of his arrest close-by the premises where the robbery occurred. As such, it was properly received to demonstrate the type, size and character of the incriminating evidence which connected the Defendant to the scene of the robbery."

This evidence may be denominated as corroborative evidence tending to establish the defendant's presence at the scene of the burglary. The defendant had been identified as the man seen making the entry into the building. This corroborative evidence takes on added significance in the light of defendant's unsuccessful effort to establish an alibi through other witnesses who were unable to testify as to defendant's whereabouts at the crucial time when the breakin took place, as observed by witness Ponds.

We find no error, either assigned as such or otherwise, in the record, and therefore affirm the judgment of the trial court.

MR. CHIEF JUSTICE PRINGLE not participating.