The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Richard L. GIRTMAN, Defendant-Appellant.

No. 83CA0567.

Colorado Court of Appeals, Div. II.

Aug. 30, 1984.

Rehearing Denied Sept. 27, 1984.

Certiorari Denied Feb. 11, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., William Morris, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Frank Moya, Deputy State Public Defender, Brighton, for defendant-appellant.

SMITH, Judge.

Richard Lewis Girtman was convicted by a jury of sexual assault on a child in violation of § 18–3–405(1), C.R.S. (1978 Repl. Vol. 8). This appeal followed. We affirm.

## I.

At trial, pursuant to § 16–10–301, C.R.S. (1978 Repl.Vol. 8), the prosecution was permitted to introduce evidence concerning similar transactions. Before the evidence was received, the court gave a limiting instruction as required by *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). The stenographic transcript indicates that the court advised the jury as follows:

> "Ladies and gentlemen, it appears there may be some evidence of an incident other than that one charged in the information. This evidence is admissible only for a limited purpose and the purpose would be to show common plan, scheme, design, motive, *guilt, knowledge* or intent. You cannot consider such evidence for any other purpose. The defendant cannot be tried for or convicted of any act not charged in the information." (emphasis added)

A subsequent written instruction was given to the jury at the close of the case which read as follows:

> "Certain evidence was admitted for a limited purpose. At the time this evidence was admitted, you were admonished that it could not be considered by you for any purpose other than the limited purpose for which it was admitted. You are again instructed that you must not consider such evidence for any purpose except the limited purpose for which it was admitted. The defendant cannot be tried for or convicted of any act not charged in the information."

The defendant contends that not only did the initial oral instruction constitute prejudicial and reversible error, but that the later written instruction, far from curing the earlier misstatement, exacerbated the error in that the jury was permitted to consider similar transaction evidence as evidence of guilt. We reject this contention.

Initially, we note that no contemporaneous objection was interposed to ei-

ther instruction, nor was any alternative instruction tendered at the conclusion of the evidence. Absent contemporaneous objection to an erroneous instruction, consideration of the error on appeal will generally not be given. *People v. Meller,* 185 Colo. 389, 524 P.2d 1366 (1974); *Brown v. People,* 162 Colo. 34, 424 P.2d 379 (1967). An accused may not withhold his objections awaiting the outcome of his trial and after conviction complain of matters regarding which a timely objection would have allowed the trial court to take corrective action. *Parrott v. People,* 144 Colo. 587, 357 P.2d 634 (1960).

■ In the absence of a contemporaneous objection, an allegedly erroneous instruction may form the basis for reversal only if it constitutes plain error. *People v. Aragon,* 186 Colo. 91, 525 P.2d 1134 (1974); *Hernandez v. People,* 156 Colo. 23, 396 P.2d 952 (1964); CRE 103(d).

■ At the outset, we reject defendant's argument that the written limiting instruction given to the jury at the close of the evidence, underscored or gave credence to the alleged error in that portion of the earlier oral instruction in which the judge may have misspoken. The written instruction merely reminded the jury that the similar transaction evidence could be considered only for limited purposes. It also advised the jury that the defendant cannot be tried for or convicted of any act not charged in the information. This written instruction was a correct statement of the applicable law.

Even the prosecution, in closing argument, explained:

"You may not convict Mr. Girtman because of the other acts. You are the jury. It is your function to determine whether or not you believe [the victim] as far as all three of the dates that we're talking about. The evidence comes in for a limited type of purpose: a common scheme; plan; design; intent; *guilty knowledge;* motive or opportunity." (emphasis added)

The entire record is completely devoid of any indication that the similar transaction evidence was intended to be, or was in fact, considered as evidence of guilt. Rather, its emphasis was directed to the issue of intent which had been denied by the defendant.

Therefore, even if the court mispoke and gave the instruction in the manner reflected in the trial transcript, it was not plain error, and thus, it will not be considered on appeal.

II.

■ The defendant next argues that there was no valid purpose for which the similar transaction evidence was offered. We also reject this contention.

Section 16–10–301(1), C.R.S. (1978 Repl. Vol. 8) provides that in prosecutions of the type at issue here, the prosecution may:

"introduce evidence of other, similar acts or transactions of the defendant for the purpose of showing ... *intent.*" (emphasis added)

Here, the record fully supports the finding of the trial court that the evidence had a valid purpose, as required by the statute. One of the elements the prosecution was required to prove was an *intentional* touching of the child's intimate parts. *See* §§ 18–3–401(4) and 18–3–405, C.R.S. (1978 Repl.Vol. 8). Since the defendant had consistently denied lack of specific intent, evidence tending to show previous intentional touching of a sexual nature was relevant and material to that element of the crime charged. Thus, the defendant's objection, lack of valid purpose, must fail. The evidence was properly admitted.

III.

■ Contrary to defendant's contention, it is not necessary under § 16–10–301, C.R.S. (1978 Repl.Vol. 8) to offer proof beyond a reasonable doubt that the similar transactions which the prosecution seeks to introduce as evidence constitute crimes. As we have stated, § 16–10–301:

"refers to 'acts or transactions,' not to offenses or crimes, and thus permits *admission of evidence of events,* not necessarily criminal in nature, for the limited purposes specified."

*People v. Opson,* 632 P.2d 602 (Colo.App. 1980) (emphasis added).

Admissibility under the statute is thus based not upon a certain quantum of proof being achieved, but rather upon a showing of a valid purpose for admission. Here, the evidence was introduced as tending to prove the element of intent, a valid purpose under the statute.

Defendant's other contentions likewise are without merit.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.