No. 11,772.

FIRE ASSOCIATION OF PHILADELPHIA ET AL. v. ZORN.

Decided October 3, 1927. Rehearing denied October 31, 1927.

Action on fire insurance policy. Judgment for plaintiff.

*Affirmed.*

1.  INSURANCE—*Action on Policy—Evidence.* In an action on a fire insurance policy, there was a stipulation between the company and the assured as to the amount of loss, which amount was deposited in court and the company discharged. Subsequently the company, on its own motion, was reinstated as a defendant, withdrew its deposit and answered. On the trial plaintiff was permitted to introduce evidence as to the amount of loss, notwithstanding the stipulation. Held, that the stipulation was abrogated and the admission of evidence as to the amount of loss, not error.

2.  APPEAL AND ERROR—*Admission of Evidence—Harmless Error.* In an action on a fire insurance policy, admission of evidence held harmless as to the objecting party where he was not entitled to recover in any event.

*Error to the District Court of Sedgwick County, Hon.
H. E. Munson, Judge.*

Mr. W. E. CLARK, for plaintiffs in error.

Mr. H. N. MARSHALL, for defendant in error.

*Department One.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

ZORN, defendant in error, was plaintiff in the trial court, plaintiffs in error were defendants there, and we shall so refer to them here.

On July 15, 1919, and prior thereto, defendant Lanning was the owner of the Hipp Theatre building in Julesburg, and on that date mortgaged the property to one Strasser to secure the sum of $7,000. This mortgage was foreclosed, and on June 23, 1923, the property was sold at sheriff's sale to plaintiff Zorn, to whom a certificate of sale was issued, and on March 24, 1924, a sheriff's deed was issued to plaintiff, the property not having been redeemed.

July 22, 1923, defendant Fire Association of Philadelphia issued its policy of insurance to A. E. Lanning, insuring the theatre building for $3,500, $100 on furniture and fixtures and $400 on moving picture machines and attachments, which policy had attached thereto a loss payable clause which reads: "Any loss under this policy that may be proved due the assured, shall be payable to the assured and P. J. Zorn, subject, nevertheless, to all the terms and conditions of the policy. Attached to and forming part of Policy No. 5320228 of the Fire Association of Philadelphia, issued at its Julesburg, Colorado Agency. Dated July 22nd, 1923. H. C. Kinsman, Agent."

A few weeks after the above policy was issued, defendant Lanning caused another policy to be issued to him

on the theatre building by the Aetna Fire Insurance Company for $5,000, which had no loss payable clause attached.

January 5, 1924, a fire occurred in the theatre building which damaged the building to a considerable extent, but did not destroy it. From the time of the sheriff's sale until about March 24, 1924, Lanning remained in possession of the building. Within a short time after the fire, one Gene Veldran, an adjuster for the defendant Fire Association, appeared for the purpose of adjusting the loss. About January 8, 1924, the loss was adjusted and the amount agreed upon was the sum of $2,747.50. It was agreed on January 8, 1924, between Lanning and the adjusters of the defendant Fire Association and the Aetna Insurance Company that the loss should be prorated between the two insurance companies as follows: $1,190.15 to the defendant Fire Association, and $1,557.35 to the Aetna Insurance Company. Some time after plaintiff Zorn had received the sheriff's deed to the theatre building, defendant Lanning made an assignment of the adjusted loss against both companies to the Revenue Department of the United States Government to secure the Department for $1,700 arrears claimed to be due from Lanning for ticket tax.

Zorn claimed the total amount of the adjusted loss against the defendant Fire Association, under the loss payable clause heretofore quoted, on the theory that the policies in the two companies were not concurrent, because, he claimed, that said policies were not issued on the same interests in the building.

Some time after the adjustment of the loss it appears that an agreement was entered into between the defendant Fire Association and the defendant Lanning that the loss sustained by reason of the fire was $2,200.

Plaintiff Zorn then brought this action to recover the sum of $2,747.50, and Lanning refusing to join as plaintiff was made defendant.

This suit was commenced about July 1, 1924. During the latter part of that month defendant Fire Association made application for an order substituting the Treasury Department of the United States Internal Revenue Service, and to be discharged and released from further liability, alleging that it was willing to pay, to whomsoever was entitled thereto, the loss which had been sustained by reason of the fire, to the amount of $2,200, and also alleging that the money was claimed by the plaintiff and by Lanning, and that the United States Treasury Department also claimed an interest in it.

Thereupon, a stipulation was entered into between the plaintiff, the Fire Association and Lanning, by which it was agreed that the Fire Association might pay into the registry of the court the sum of $2,200 and be discharged from all further liability therein.

Following this stipulation, the court on August 5, 1924, having found that the parties had agreed upon $2,200 as the amount of damage sustained by reason of the fire, and that the amount had been paid into the registry of the court by the defendant Fire Association, ordered that the association be discharged and released from further liability, and that the Treasury Department of the United States Government be substituted in its stead as a defendant.

After the order of substitution and release of the Fire Association had been made and entered, the government, having refused to submit its interests to the state court, instituted an action in the federal court upon the said two policies of insurance joining as defendants the Aetna Insurance Company, the Fire Association and the plaintiff. In the action in the federal court plaintiff Zorn filed a disclaimer in which he disclaimed any right to recover any sum of money against the Aetna Insurance Company.

The Fire Association demurred to the complaint in the federal court, which was sustained, and judgment was thereupon, on January 22, 1925, rendered in favor of the plaintiff in that court and against the Aetna Insurance

Company for the sum of $1,235.29, being that company's proportionate amount of the $2,200.

During the pendency of the case in the federal court the Fire Association filed its motion in this suit asking that it be reinstated as a defendant, with permission to file an answer and defend against plaintiff in this action and for an order on the clerk, as registrar, to repay to it the $2,200 theretofore deposited in the registry of the court. On January 21, 1925, this motion was sustained, the Fire Association was reinstated as a defendant and was permitted to withdraw the sum of $1,235.29 of the $2,200, leaving a balance in the registry of $964.71. After the Fire Association filed its answer, to which plaintiff replied, plaintiff filed an amended complaint.

To this complaint the defendant Fire Association answered, among other things, that a different cause of action was stated or attempted to be stated in the amended complaint than was stated or attempted to be stated in the original complaint, and that there was therefore a departure. When the case was called for trial, defendants orally moved the court to dismiss the action on the ground that there was a departure, which was denied.

The court found for plaintiff and gave judgment for $1,190.15. Defendants bring the case here.

During the trial there was evidence tending to show that while Lanning was in possession of the property, after the fire, he caused to be made some repairs, but only such as were necessary to enable him to operate the theatre, and when plaintiff obtained possession he took the property in its damaged condition.

There was also evidence tending to show that the loss sustained by reason of the fire was approximately the amount found and agreed upon by the adjuster and Lanning, and this evidence, if its admission was proper, was sufficient, together with the adjuster's agreement as to the loss, to support the finding of the court.

However, defendants claim that this evidence was

erroneously received because of the stipulation entered into between the plaintiff, the Fire Association and Lanning, that the Fire Association might pay into court the sum of $2,200 and be discharged from liability, but we do not think so. The defendant Fire Association does not seek to evade liability. In fact, it admits liability to someone to the extent of $964.71. The only question in which it is concerned is as to the amount it should pay.

Defendants' adjuster determined the amount of the loss as against the Fire Association to be $1,190.15, and its contention, that the stipulation above mentioned is binding upon the plaintiff, cannot be sustained.

The reinstatement of the Fire Association, its withdrawal of a large portion of the amount deposited, and its defense against plaintiff's claim, certainly abrogated the stipulation and operated to release plaintiff from its terms. The admission of that evidence was, therefore, not error.

Neither has Lanning any cause to complain. There was ample evidence to sustain the finding of the trial court that Lanning was not entitled to recover any part of the loss and that he had agreed to keep the property insured for plaintiff's benefit; also that he had agreed that the amount of any loss sustained might be paid to plaintiff. If Lanning was not entitled to recover, it is, of course, plain that the admission of this evidence was harmless as to him.

From the observations already made it seems quite clear that neither of the defendants is in a position to raise the question of departure.

The other alleged errors do not possess sufficient merit to warrant discussion.

The judgment should be and is affirmed.

MR. JUSTICE DENISON, sitting for MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE ADAMS concur.

*On Rehearing.*

MR. JUSTICE ADAMS specially concurring.

The Fire Association, Zorn and Lanning stipulated as stated in the opinion. Zorn's pleadings and evidence show that he was induced to sign it and to agree to a less amount than he believed that he was entitled to, because he understood the Fire Association would be out of the case, and would make no further defense to his claim, that is, that the contest would be reduced to the respective claims between Zorn, Lanning and the government. This seems to be wholly natural, and is borne out by the fact that the Fire Association was eliminated—discharged from further attendance. But after that, the Fire Association voluntarily came back, and asked to be reinstated. This was granted. Now it seeks the benefit of that part of the stipulation that was favorable to it, i. e., the limitation in the compromise agreement as to the amount of its liability, but without performing its own part, or the part that induced Zorn to consent to such reduced amount. The Fire Association claims a failure of consideration for its original agreement, which may be true, but if so, under this state of facts, there was a like failure of consideration for what Zorn agreed to do. In other words, if the stipulation failed as to one, it failed as to both. This was the view that the trial court took of it, and it was right. The court could not release one from its obligation and enforce it as against the other.

Counsel for the Fire Association inquires as to what else it could do when later sued in the federal court for the same debt. Answering the question, when the United States refused to submit to the jurisdiction of the state court to determine its claim for a revenue tax lien, perhaps one might have thought of a plea in abatement in the state court, pending the determination of the association's liability in the federal court, if such a plea would lie, which we need not determine, but whatever the reme-

dy, the suit in the federal court was no fault of Zorn, and did not justify the Fire Association's partisanship in favor of Lanning as against Zorn, nor its taking up the cudgel against him, the very thing that he sought by his compromise to avoid. This is what the Fire Association did as soon as it was re-admitted to the case on its own motion. In the prayer of its answer it said: "Wherefore, this defendant, having fully answered, prays the judgment of the court that the money so paid by it into the registry of this court be repaid to it; that this action be dismissed because of having been prematurely brought, that this defendant have and recover of and from the plaintiff its costs incurred herein, and that it have and secure such further relief in the premises as to the court shall seem meet." Counsel for the Fire Association interposed technical objections to Zorn's pleadings, that there was an alleged departure and the like; the Fire Association's answer favored Lanning as against Zorn; the Fire Association, through its counsel, demurred ore tenus to Zorn's pleading and evidence, supplementing it with this remark of its counsel: "By submitting these demurrers to both the pleading and the evidence I am not, and do not wish to be understood, as conceding that any right has been established as against the defendant Lanning." Joint assignments of errors were filed in this court, by the Fire Association and Lanning, represented by the same counsel. We are not criticising counsel for representing these two clients—their interests were not adverse—they were quite in accord. But they were both opposed to Zorn, which the Fire Association had no right to do, and at the same time claim the benefit of the compromise agreement for one side only. The Fire Association employed all its ability and resourcefulness to prevent Zorn from getting anything. It should not complain because the trial court would not let it voluntarily re-enter the court for the second time, get all its money back and trounce Zorn with his hands tied. Good sportsmanship alone would forbid it.

The above being true, the stipulation was waived, and the evidence as to what the adjusters found the actual loss to be became admissible. It was supplemented by other evidence, also admissible, which the court found to be sufficient. The judgment was for the exact amount found by the adjusters to be the Fire Association's proportionate share of the loss, and is for only $225 in excess of the amount that the Fire Association admits is due someone. Lanning does not ask for a rehearing, and the association is not entitled to it.

I am authorized by Mr. Justice Sheafor, who wrote the opinion, and the other justices concurring therein, to say that they agree with the above.

Petition for rehearing denied.