No. 20,138.

JAMES VANDE LINE *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(386 P. [2d] 52)

Decided October 28, 1963.

Mr. JAMES D. CHILDRESS, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN E. BUSH, Assistant, for
defendant in error.

*En Banc.*

MR. CHIEF JUSTICE FRANTZ delivered the opinion of the
Court.

JAMES VANDE LINE and William Vena Jordan were
convicted of aggravated robbery and conspiracy to com-
mit robbery. We have already reviewed and affirmed
the conviction and sentence of Jordan, *Jordan v. People,*

151 Colo. 133, 376 P. (2d) 699. Line is now before us on writ of error, asserting the commission of error in three respects, two of which were considered in the Jordan case and determined by us to be without merit.

Line's third ground of error is stated thus in his summary of argument:

"Counsel had stipulated that no testimony as to admissions by the accused while he was at Colorado General hospital would be admitted, and the trial Court sustained an objection to such testimony by Officer Julius Goebel. When Officer Goebel spontaneously testified that such an admission was made, the Court should have declared a mistrial."

Line had been shot and seriously wounded in the course of his and Jordan's arrest. While in the hospital, he was placed under sedation. Because of this condition, it was agreed that any admissions he made at the hospital would not be received in evidence, although he had been questioned during his hospitalization by officers of the Denver police force.

With this background the following took place during the cross-examination of Officer Goebel by Line's counsel (making understandable Line's third ground of asserted error):

"Q. Now, a moment ago, you volunteered that they denied the commission of this crime? Didn't they deny the commission of this crime, to your knowledge? That was your testimony, correct? A. Prior to this date, on November the 2nd, 1960, we talked to Mr. Line at the hospital and *he admitted it*. There was no stenographer there. *He admitted it orally*.

"THE COURT: Well, now the question was, 'Did he ever deny it?'

"[DEFENDANT'S COUNSEL]: I can't get a responsive answer to any of these questions. He is going all over the field.

"THE COURT: Well, it will be the Court's judgment as to whether the answer is responsive or not.

"[DEFENDANT'S COUNSEL]: I'd like the question read.

"THE REPORTER: 'Didn't they deny the commission of this crime, to your knowledge? That was your testimony, correct?'

"THE WITNESS: *He admitted it.* Q. [Defendant's Counsel] Wait a minute. The question was, 'Did they deny the commission of this crime?' A. That's taking in a broad period of time.

"THE COURT: Well, did they ever deny it after their apprehension? I think that's the question.

"THE WITNESS: That's a broad statement. I would like to give a broad answer.

"THE COURT: No, I think that can be answered 'Yes' or 'No.'

"THE WITNESS: On one occasion prior to this, he did.

"THE COURT: All right. That answers it.

"Q. [Defendant's Counsel] They did deny the crime?

"A. Yes, sir." (Emphasis supplied.)

█ Line did not move for a mistrial, nor did he present this matter to the trial court in his motion for new trial. The failure to present the matter to the trial court at the proper time constitutes a waiver of objectionableness of the voluntary statement of a witness. *Parrott v. People,* 144 Colo. 587, 357 P. (2d) 634.

No objection to the statements regarding Line's admissions on the ground that they were nonresponsive was made, nor did Line move the trial court to order such statements stricken and request it to admonish the jury to disregard them. And yet nonresponsiveness of the answers was called to the court's attention by a remark of Line's counsel which was more in the nature of comment than objection.

"It is common knowledge with the profession that in almost every trial witnesses volunteer remarks uncalled for by the questions propounded and in no sense responsive thereto. When this occurs, if a party deems himself prejudiced thereby he must interpose an objection there-

to, move to strike it out, [and] at some time during the progress of the trial request the court to instruct the jury to disregard it." *Bulger v. People,* 60 Colo. 165, 151 Pac. 937.

Had the trial court had its attention directed to these statements, as being violative of the stipulation, it would have been afforded the opportunity to act in the premises. Thus, Line is now in no position to urge error in this respect, "since the trial court was not requested to act, never had an opportunity to act, and must have, from the very nature of things, acted favorably to the defendant, had the position of his counsel in reference thereto been definitely called to its attention." *Goldberger v. People,* 46 Colo. 327, 101 Pac. 407. Stipulations relating to the trial of a cause may, as here, be waived by failing to seek their enforcement. *Fire Ass'n of Philadelphia v. Zorn,* 82 Colo. 408, 260 Pac. 685.

The judgment is affirmed.