■ JAMES W. BROWNLEE et al., as Executors of ELIZABETH BROWNLEE, Deceased, et al., Appellants, v. HOT SHOPPES, INC., Respondent.— In a negligence action, the plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered August 8, 1963 after a jury trial, in favor of the defendant, upon the court's dismissal of the complaint at the end of the plaintiffs' case. Judgment reversed on the law, and a new trial granted, with costs to plaintiffs to abide the event. No questions of fact have been considered. A new trial is required for the following reasons: Considering the evidence adduced in the aspect most favorable to plaintiffs and according them every favorable inference which can reasonably be drawn therefrom (*Andersen* v. *Bee Line,* 1 N Y 2d 169, 172; *Sagorsky* v. *Malyon,* 307 N. Y. 584, 586), we think that defendant's admission in its answer that it was the lessee of the parking area in which the accident occurred, coupled with the fact that maintenance of a parking area was essential to its business, was sufficient to create a jury question on the contested issue of control of the parking area. We also think that the trial court erred in denying plaintiffs' motion, upon the trial, that defense counsel be directed to produce the contract between defendant and the New York State Thruway Authority. That document had been referred to in the pleadings; and defense counsel in his

opening statement had implied that he would offer the contract to prove that control over the parking area had been reserved to the Thruway Authority. Under these circumstances and in view of the undenied assertion of plaintiffs' counsel that the contract was present in the courtroom, the demand at the trial for its production was sufficient notice (Richardson, Evidence [9th ed.], § 571). A proper demand for the production of the contract having been made and refused, plaintiffs' counsel should have been permitted to prove the contents of the contract by secondary evidence. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.