577 P.2d 318 (1978)
Charles D. REYNOLDS, Plaintiff-Appellant,
v.
Joseph FARBER, Individually and as owner and operator of Joseph Farber & Company, and Safeway Stores, Incorporated, Defendants-Appellees and Cross-Appellants,
v.
SKAGGS DRUG CENTERS, INC., Defendant-Appellee and Cross-Appellee.
No. 77-267.
Colorado Court of Appeals, Division I.
March 16, 1978.
*319 Bader & Dufty, Robert A. Dufty, Denver, for plaintiff-appellant.
Sheldon, Bayer, McLean & Glasman, P. C., J. Fern Black, Denver, for defendant-appellee and cross-appellant, Joseph Farber.
James F. Pamp, Denver, for defendant-appellee and cross-appellant, Safeway Stores, Inc.
DeMoulin, Anderson, Campbell & Laugesen, Byron G. Rogers, Jr., Denver, for defendant-appellee and cross-appellee, Skaggs Drug Centers, Inc.
ENOCH, Judge.
In this tort action plaintiff appeals from a judgment entered on a jury verdict against the three defendants. Defendants Safeway and Farber cross-appeal. We reverse.
On January 14, 1974, plaintiff slipped on some ice, fell and fractured his ankle in the University Hills Shopping Center parking lot in front of defendant Skaggs Drug Store. Initially plaintiff instituted this action against Skaggs only, but later amended his complaint to include the other two defendants, seeking $195,000 in damages. Farber and Safeway cross-claimed against Skaggs, seeking indemnity. The issues on appeal are the adequacy of damages recovered by plaintiff and the relationship among the defendants concerning liability for accidents occurring in the parking lot.
Plaintiff's fracture required hospitalization and surgery for the insertion of a metal rod and screw. A cast, crutches, and orthopedic shoes were also required in his recovery. Although the rod and screw were later removed and the fracture healed, plaintiff has a mild limp, considerable discomfort, and has a permanent partial limitation of range of motion in his left foot. Plaintiff submitted bills for medical, hospital, and other out of pocket expenses relating to the injury, totalling $1,741.25.
Skaggs and Safeway separately leased the portions of the parking lot in front of their stores, and Farber owned its portion of the lot. There were no physical barriers separating the three parking areas. The three defendants entered into a written agreement in 1966 which granted each mutual cross-parking rights, and which included an indemnification provision. In 1973, they contracted with Lakewood Sweepers, Inc., for snow removal services for the entire parking area. Each defendant was to pay its proportionate share of the cost.
At the close of all the evidence, the court ruled that defendants' liability, if any, was joint and several, and dismissed Farber's and Safeway's cross-claims against Skaggs. The jury, by special verdict, found that plaintiff sustained $1,741.25 in damages, that the percentage of negligence attributable to the defendants was 55%, and that attributable to plaintiff was 45%. Accordingly, the trial court entered judgment *320 against defendants jointly and severally, in the amount of $957.69 plus interest and costs.

I.
Plaintiff contends he is entitled to a new trial because the jury failed to follow the court's instructions for the assessment of damages, and consequently the damages awarded him are inadequate as a matter of law. We agree.
Defendants take the position that in comparative negligence cases, a jury's verdict cannot be set aside on the ground of inadequate damages. We find no basis for this position. The jury is required to determine the full amount of damages without regard to the degree of the parties' negligence, see § 13-21-111, C.R.S.1973. Therefore, the jury's function in the determination of damages remains essentially the same now as before the passage of the comparative negligence statute. Thus the established rules concerning the inadequacy of jury verdicts are still applicable.
Here, the damages set by the jury were no greater than the special damages. In light of the undisputed evidence of pain, suffering, and permanent disability, the verdict was manifestly inadequate and indicates that the jury disregarded the court's instruction on damages. Therefore, a new trial is warranted. See Hover v. Clamp, ____ Colo.App. ____, 579 P.2d 1181 (1978). See also Kistler v. Halsey, 173 Colo. 450, 481 P.2d 722.

II.
Defendants Farber and Safeway contend, on cross-appeal, that the court erred in finding, as a matter of law, that they were jointly and severally liable, if liable at all, with Skaggs for plaintiff's injury. We agree.
The court based its ruling primarily on the snow removal agreement. The court interpreted the agreement as creating a joint venture among defendants for the removal of snow, which resulted in joint and several liability for accidents occurring anywhere in the parking lot. Since the construction of a written instrument is a question of law, this court is not bound by the trial court's interpretation. Sentinel Acceptance Corp. v. Colgate, 162 Colo. 64, 424 P.2d 380; Ransom Distributing Co. v. Lazy B, Ltd., Colo.App., 561 P.2d 1276.
The agreement was nothing more than a letter from the snow removal company offering services at a certain price for the clearing of the entire lot. Acceptance by each of the defendants was indicated by the signature of the respective officer with a percentage of the share of the total cost typed under each signature at the bottom of the letter. There is nothing in the agreement giving either Farber or Safeway control or dominion over the area of the lot leased by Skaggs. Nor does the agreement create any responsibility on the part of either Farber or Safeway for the maintenance of Skaggs' portion of the lot. Thus, this agreement did not, as a matter of law, create joint and several liability.
The court's ruling that the three defendants exercised joint control over the entire lot also was based, in part, on questions of fact, i. e., did their conduct under the snow removal agreement evidence a control or dominion over the area sufficient to impose joint and several liability. Because more than one inference can be drawn from the evidence this issue must be determined by the trier of fact and cannot be determined as a matter of law. Bailey v. King Soopers, Inc., 142 Colo. 338, 350 P.2d 810. The identity of the parties who contacted Lakewood Sweepers for extra services is not conclusive on the issue of control. The evidence indicates that Farber and Safeway called only when their respective properties needed clearing, or when requested to do so by Skaggs. Nothing in the record indicates that either Farber or Safeway, if dissatisfied with the condition of Skaggs' part of the lot, undertook to have it cleaned. Hence, on retrial, the question of fact concerning "control and dominion" over the area where plaintiff fell *321 should be submitted to the jury. See Brownlee v. Hot Shoppes, Inc., 23 A.D.2d 848, 259 N.Y.S.2d 271; Garafano v. Neshobe Beach Club, Inc., 126 Vt. 566, 238 A.2d 70; 62 Am.Jur.2d Premises Liability 12.

III.
Farber and Safeway also contend that the court erred in dismissing their cross-claims against Skaggs. Again, we agree.
The cross-claims were based upon a clause in the 1966 cross-parking agreement which provided that:
"Each of the parties shall fully use and enjoy the premises owned or leased by them, except as to the rights herein granted; and each of the parties agree to hold and save the other parties harmless from any and all damages arising from his or its use of the easement for ingress and egress in parking herein granted."
The effect of this provision was that defendants agreed to hold each other harmless from any damages arising in their respective parking areas. However, the court held that this provision was modified by the snow removal agreement and that defendants no longer have any right to indemnification.
Modification of an agreement requires the mutual consent of the parties involved. See Atchison v. City of Englewood, Colo., 568 P.2d 13; Grizzly Bar, Inc. v. Hartman, 169 Colo. 178, 454 P.2d 788. Mutual consent to modification may be either explicitly given or inferred from the parties' conduct. See, e. g., Harrington v. McCarthy, 91 Idaho 307, 420 P.2d 790; Long v. T-H Trucking Co., 4 Wash.App. 922, 486 P.2d 300. Here, however, we find no evidence that defendants, in entering into the snow removal agreement, contemplated altering the method agreed upon for handling damage claims. The snow removal agreement, and defendants' conduct thereunder, concerned the maintenance of the lot, not the allocation of ultimate liability for injuries sustained in the lot. Therefore, the cross-claims against Skaggs, based upon the cross-parking agreement, should have been granted as a matter of law. Cf. Ringsby Truck Lines, Inc. v. Bradfield, Colo., 563 P.2d 939.

IV.
Plaintiff also claims that it is improper, in a comparative negligence case, to instruct the jury on the definition of assumption of the risk. Although we are reversing on other grounds, we deem it appropriate to determine this issue since it will undoubtedly reoccur upon retrial. In Brown v. Kreuser, Colo.App., 560 P.2d 105, this court upheld the trial court's refusal to instruct the jury on the definition and effect of the assumption of risk defense in a comparative negligence case. In Brown, we held that in actions tried under comparative negligence principles, the fact that a plaintiff knowingly and voluntarily encountered a risk is a factor for the jury to consider in apportioning the respective negligence of the parties, but that no separate instruction on assumption of the risk should be given.
Though we are confronted here with an instruction which defined, but did not state the legal effect of the assumption of the risk defense, we find it objectionable under the rationale of Brown, supra, and direct that such instruction is not to be given in the retrial of this case.
The judgment is reversed and the cause remanded for new trial on all issues except the issue of Farber's and Safeway's cross-claims against Skaggs, which shall be granted as a matter of law.
COYTE and PIERCE, JJ., concur.