**GRAN PRIX IMPORTS, INC.,**
**Plaintiff-Appellee,**

v.

**BUCKLEY BROS. MOTORS, INC.,** formerly a Colorado corporation, and Robert E. Buckley, Donna M. Buckley, R. M. Buckley and Viola Buckley, Defendants-Appellants.

No. 78–487.

Colorado Court of Appeals,
Div. III.

Dec. 6, 1979.

Rehearing Denied Jan. 17, 1980.

Certiorari Granted March 24, 1980.

Davis, Moorhead & Ceriani, P. C., Gary J. Ceriani, Denver, for plaintiff-appellee.

George T. Ashen, Denver, for defendants-appellants.

BERMAN, Judge.

Defendants appeal the trial court's judgment ordering the specific performance of an Option Agreement (option) entered into by the parties. We affirm.

Defendants owned property in Denver and plaintiff had a Fiat franchise. On January 27, 1970, pursuant to a business lease (1970 lease), defendants leased certain property to plaintiff. At that time, the parties also signed the option whereby defendants granted plaintiff an option to purchase the leased property from defendants until March 1, 1980.

Under the terms of the 1970 lease, plaintiff had a three year primary lease period, and an option to renew for two years, followed by another option to renew for five years. The 1970 lease required plaintiff to give defendants ninety days' notice of its intent to renew for each period. Plaintiff failed to give the required notice of renewal of the lease in 1973, but defendants concede that they waived that requirement.

In 1975, plaintiff again failed to give notice of its renewal of the lease. Thereafter, defendants informed plaintiff, by letter, on March 10, 1975, that the 1970 lease was terminated. Defendants also advised plaintiff, in the same letter, that the option required that the 1970 lease be in force, and, therefore, because the 1970 lease had been terminated, the option was no longer effective.

Plaintiff, however, continued in possession of the premises as a hold-over tenant, as provided in the 1970 lease, until July 9, 1975, at which time, a new "back-up lease" was signed because plaintiff's franchise agreement required either ownership or a long-term lease of the dealership location. With the exception of an increase in rent, the "back-up lease" was identical to the 1970 lease.

On November 26, 1975, plaintiff attempted to exercise its option to purchase the property. Defendants rejected plaintiff's tender, claiming that the option had been terminated as a result of the lapse of the 1970 lease. Thereafter, plaintiff brought this action seeking specific performance of the option.

Finding the option agreement ambiguous, the trial court admitted extrinsic evidence. On the strength of this evidence, the trial court held that it was the parties' intent that plaintiff have an option to purchase the premises until March 1, 1980, conditioned only on the plaintiff's continued

leasehold in the premises. The court found that the plaintiff's leasehold had been continuous, and held that the option remained effective. Accordingly, the court granted plaintiff's request for a decree of specific performance.

■ Defendants first contend that the trial court erred in finding the terms of the option ambiguous. The general rule is that the determination as to whether the terms of a contract are ambiguous is a question of law for the court. *Metropolitan Paving Co. v. City of Aurora*, 449 F.2d 177 (10th Cir. 1971). Therefore, on appeal, this court is not bound by the trial court's interpretation of the option. *Reynolds v. Farber*, 40 Colo. App. 467, 577 P.2d 318 (1978). However, our own examination of the option convinces us of the correctness of the trial court's conclusion.

■ The pertinent sections of the option read as follows:

"In order that this Option may be exercised by the Optionee the following requirements must be performed as a condition precedent to the exercise of same, to wit:

"All terms of the Lease of the real property as described in said Lease must be performed and carried out to the satisfaction of the Optionor through the period in which the lease is in full force and effect and up to the date of transfer of real property under this Option."

. . . .

"All options hereunder terminate as each period of lease terminates unless said option to extend lease is extended as therein provided then in that case said Option is extended during said option period, in any event, however, this option shall be terminated unless exercised as herein before indicated, on the first day of March 1980 at the hour of 12:00 P.M., unless all provisions other than the actual transfer of property have been completed under said option or options as provided herein."

Contrary to defendants' contention, the option does not clearly indicate that the term "lease" refers specifically to the 1970 lease, rather than being a generic term which could refer to any valid lease agreement. Thus, there is an ambiguity within the four corners of the option.

■ Because the option is ambiguous as a matter of law, the trial court correctly admitted extrinsic evidence to determine the intent of the parties. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.*, 195 Colo. 253, 577 P.2d 748 (1978). Where an ambiguous document must be construed by the use of extrinsic evidence, the meaning of its terms is generally an issue of fact to be determined in the same manner as other disputed factual issues. *Metropolitan Paving, supra.* Here, the trial court found that the parties intended the option to continue in full force as long as plaintiff held, a valid leasehold interest in the premises in question. We will not disturb the trial court's finding as it is supported by competent evidence. *Heatherridge Management Co. v. Benson*, 192 Colo. 190, 558 P.2d 435 (1976).

■ Defendants' contention that the continuing validity of the 1970 lease was a condition precedent to the exercise of the option is without merit. The option was not tied to the 1970 lease, and, therefore, the 1970 lease cannot be viewed as a condition precedent to the exercise of the option. Furthermore, construing the option against the defendants as the drafting party, *M. R. Mansfield Realty Inc. v. Sunshine*, 38 Colo. App. 334, 561 P.2d 342 (1976), *aff'd*, 195 Colo. 95, 575 P.2d 847 (1978), we hold that the continuation of the 1970 lease was not a condition precedent to the valid exercise of the option.

■ Defendants finally argue that the trial court committed reversible error by adopting plaintiff's findings instead of making its own independent findings of fact and conclusions of law. Where the trial court accepts the findings of one of the parties on appeal, the reviewing court will assume that the trial court examined the

findings and was satisfied that it would have stated the facts in a similar manner. The trial court will be reversed only if the findings are inadequate and do not indicate the basis for the trial court's decision. *Uptime Corp. v. Colorado Research Corp.*, 161 Colo. 87, 420 P.2d 232 (1966). Here, the trial court's findings provide an adequate basis to justify its decision.

Judgment affirmed.

RULAND and KELLY, JJ., concur.