The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Arthur Jerome WATSON,
Defendant-Appellant.

No. 81CA0476.

Colorado Court of Appeals,
Div. I.

Aug. 12, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Stephen Price, Colorado Springs, for defendant-appellant.

ENOCH, Chief Judge.

Defendant appeals his conviction of aggravated robbery, alleging that he was denied his right to a speedy trial under the Interstate Agreement on Detainers, and that his trial was tainted by the admission of improper evidence. We affirm.

Following an armed robbery of a grocery store in Colorado Springs, two employees of the store described the robber as wearing a

green leisure suit and a dark wig, armed with a revolver, and carrying a brown leather bag. After obtaining a search warrant, police officers searched a residence where defendant had been staying and recovered three revolvers, one sawed-off shotgun, four wigs, a brown leather bag, a green polyester sportcoat, and various other disguises, such as a false beard and moustache. Defendant voluntarily admitted the items were his, and that the items comprised "almost anything you might use on a robbery."

Defendant was released on bail, but disappeared from the state and was captured and imprisoned on federal charges. The district attorney in Colorado requested that defendant be returned to Colorado to stand trial according to the Interstate Agreement on Detainers. On August 27, 1980, defendant was returned to Colorado for trial.

## I.

### The Interstate Agreement on Detainers

Defendant argues that, following his return to Colorado on August 27, the prosecution had 120 days (until December 26, 1980) in which to commence trial and that, since trial did not commence until February 2, 1981, all charges against him should have been dismissed. We disagree.

According to Article IV of the Interstate Agreement on Detainers, § 24–60–501, C.R.S. 1973, trial must commence within 120 days of the arrival of the prisoner in the receiving state, "but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." On November 21, 1980, upon the request of defense counsel, and with the agreement of the prosecuting attorney, the trial court granted an extension of the 120-day deadline and made an express finding of good cause. At issue on appeal is whether the trial court erred in finding good cause for granting the extension.

On October 3, 1980, at a hearing for the purpose of setting a trial date, defendant told the court that he had sent a letter requesting the dismissal of his attorney and appointment of a new attorney. The trial court scheduled a hearing for this motion and for setting a trial date for October 10. On October 8, defendant sent another letter to the trial court complaining about the one-week delay in holding a hearing on his motion to replace his attorney. The letter referred to by defendant at the October 3 hearing is not in the record, but it is undisputed that at the hearing which defendant attended on October 10, before a different judge, there was no evidence taken and no order entered regarding replacement of defendant's counsel.

Defendant's attorney appeared before the trial court on two more occasions, October 17 and October 24, to take up the matters of assignment of a trial judge and setting of a trial date. At neither hearing was the issue of replacement of counsel raised. Trial was set for November 17, 1980. On November 13, 1980, at a hearing to dismiss several counts of the information, defendant again raised his request to replace his attorney. This request was granted, but defendant expressed concern that the new attorney would have only three days to prepare for trial. Defendant then expressly waived his speedy trial right.

After defendant's new attorney entered an appearance, a hearing was held on November 21, at which time defendant sought to retract his speedy trial waiver. The trial court and prosecutor agreed to reschedule the trial for some time prior to December 26, the date on which the 120-day time expired. Defendant's new attorney objected to a trial setting prior to December 26, 1980, because he would be unable to prepare for trial by that date, and suggested that the trial court make a finding that there was good cause to extend the trial date past the 120-day period, and set the case for trial sometime during the middle of January. Thereafter, defendant's attorney agreed to a trial setting of January 26, which subsequently was postponed until February 2, 1981, because the trial judge became ill.

Defendant argues that the extension of the 120-day period was not for good cause because it was made necessary by the trial court's delay in ruling on defendant's motion to replace his attorney. We disagree.

■ Although there may be circumstances in which a delay in replacing defendant's attorney does not justify a continuance for good cause, *see, e.g., People v. Boos,* 199 Colo. 15, 604 P.2d 272 (1979), we do not view this as one of those cases. Given the informal nature of defendant's oral request to replace his original attorney, his failure to pursue the request at the October 10 hearing, and defense counsel's failure to pursue the request at two additional hearings in October of 1980, we are unwilling to impose sole responsibility for the delays on the prosecution. Furthermore, the new attorney, when appointed, stated that he would be unable to prepare for trial in the time remaining before expiration of the 120-day period. The trial court did not abuse its discretion in granting a continuance, at defense counsel's request, so that counsel could fully prepare defendant's case for trial. *See People v. Anderson,* 449 P.2d 720 (Colo.App.1982).

■ Finally, it appears from the record that the postponement of trial from January 26, 1981, to February 2, was due to the illness of the trial judge and that this continuance was for good cause.

Therefore, even without considering the effect of defendant's waiver of a speedy trial and his subsequent attempt to withdraw the waiver, we hold that the continuance was for good cause and that it was not error to deny defendant's motion to dismiss the charges against him for failure to comply with the 120-day time limit in the Interstate Agreement on Detainers.

## II.

### Evidentiary Matters

Defendant also contends that it was error for the trial court to admit into evidence the handguns and wigs which were found in defendant's residence after a search and to admit evidence of a photographic identification. Again, we disagree.

■ Defendant first contends that admission of the evidence was contrary to a stipulation by the prosecution in the early stages of the proceedings that this evidence would not be introduced. However, stipulations relating to the trial of a cause may be waived by failure to seek their enforcement, and failure to object to a violation of the stipulation and failure to raise the violation in the motion for new trial constitutes a waiver. *Line v. People,* 153 Colo. 368, 386 P.2d 52 (1963). Here, there was no objection at the time the evidence was admitted, and the new trial motion fails to raise the stipulation as a grounds for suppressing the evidence. Therefore, defendant waived his objections to violation of the stipulation.

■ Defendant also contends that the multiple revolvers and wigs constituted evidence of other crimes, which should not have been admitted without the cautionary instruction required by *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). However, we do not view these items of real evidence as evidence of other crimes, and hold that a *Stull* instruction was not required. Defendant's possession of the weapons and disguises was not illegal, and the prosecution introduced no evidence that any other crimes had been committed using these items or involving the defendant.

■ Defendant also contends that this evidence was irrelevant, prejudicial, and admitted without proper foundation. We find no error in the admission of the evidence.

As for the revolvers, it has been consistently held that weapons found during a search are admissible as a part of the history of the arrest, notwithstanding that there is no evidence that they were used in the commission of the crime. *Hafer v. People,* 177 Colo. 52, 492 P.2d 847 (1972); *People v. Cole,* 39 Colo.App. 323, 570 P.2d 8 (1977), *rev'd in part, on other grounds,* 195 Colo. 483, 584 P.2d 71 (1978).

As for the disguises, we think the doctrine in *Davis v. People,* 137 Colo. 113, 321

P.2d 1103 (1958) is applicable. In *Davis,* it was held not error to admit evidence that, at the time of the arrest, defendant possessed various burglary tools, such as a hammer, flashlight, and a stocking mask. This evidence was admissible even though there was no direct evidence that any of the tools and mask were used in the burglary with which defendant was charged. These items were likewise admitted as part of the history of the arrest. We find no distinction between the stocking mask in *Davis, supra,* and the wigs in this case.

We also do not agree with defendant's contention that the trial court abused its discretion in denying his motion for mistrial when the prosecution, in opening argument, and two witnesses during trial, referred to a sawed-off shotgun recovered from among defendant's belongings.

The decision to grant a mistrial is a matter within the trial court's sound discretion, *People v. Hodges,* 624 P.2d 1308 (Colo. 1981), and we find no abuse of that discretion here. The shotgun was mentioned unobtrusively in connection with a list of items found during the search, and no further emphasis was given to this item.

Judgment affirmed.

COYTE and SMITH, JJ., concur.