**PACIFIC AMERICAN REAL ESTATE FUND, 1971–B, a California limited partnership, Plaintiff-Appellant,**

v.

**FEDERAL ASSOCIATES, a Colorado partnership, Defendant-Appellee.**

No. 80CA0470.

Colorado Court of Appeals, Div. I.

Aug. 12, 1982.

Jack Levine, P.C., Jack Levine, Denver, for plaintiff-appellant.

Fishman, Gengler & Geman, P.C., Donald T. Trinen, Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, Pacific American Real Estate Fund, 1971–B, appeals from the trial court judgment entered in favor of defendant, Federal Associates, on its claim seeking adjudication of the validity of a judgment lien, and an order of sale of property owned by Federal Associates. We affirm.

The trial court made the following findings of facts: In 1974, Pacific American obtained a judgment against Saul Davidson in the amount of approximately $254,000. A transcript of the judgment was recorded and became a lien against the subject property. Davidson, a partner of Federal Associates, had previously conveyed the property to the beneficial use of Federal Associates, but because of the erroneous recording of a deed, it appeared of record as owned by Davidson.

In the course of executing on the 1974 judgment, Pacific American arranged for certain of Davidson's assets to be sold at a sheriff's sale. One of these assets, a promissory note issued by Yum Yum Tree Food Bazaar, Inc., to Davidson with a face value of $90,000, was purchased by Pacific American, along with another note, for $500. Pacific American then sued on the Yum Yum Tree note.

In 1976, a stipulation for entry of judgment was entered into by Pacific American and Yum Yum Tree. The stipulation was also agreed to by the president of Yum Yum Tree, as well as by Davidson. It was agreed in the stipulation that judgment should enter on behalf of Pacific American in the principal sum of $90,000 with interest in the amount of $12,750, plus attorneys' fees in the amount of $15,000. The stipulation set forth a payment schedule, and further provided that "[a]ll sums of money . . . paid in accordance with the scheduled payments and the stipulation shall be applied against the judgment entered against Saul Davidson in the case of Pacific American Real Estate Fund 1971–B, a California Limited Partnership, Plaintiff v. Broadway Land Company, a Colorado corporation, and Saul N. Davidson, Defendants . . . ." The district court agreed to the stipulation and entered judgment accordingly.

Payments were not made pursuant to the schedule in the stipulation. However, based on a series of letters between Pacific American and Yum Yum Tree, entered into evidence and testified to by the parties and their counsel, the court found that the parties had modified and amended the terms and conditions of the original stipulation to provide for smaller amounts of payments by Yum Yum Tree over a longer period of time. The trial court found that Pacific American did not intend to repudiate the stipulation with respect to the application of the payments to the Davidson judgment. Furthermore, no such intent on the part of Pacific American was ever communicated to Yum Yum Tree or Davidson.

Pacific American continued to accept payments from Yum Yum Tree over a period of several years in varying amounts. Yum Yum Tree ultimately made payments to Pacific American totalling approximately $125,000 and received a satisfaction of judgment on the note.

In October 1978, Pacific American commenced the instant action seeking to foreclose its 1974 judgment lien against the property owned by Federal Associates. Federal Associates defended on the basis that the Davidson judgment had been satisfied, and counterclaimed for, *inter alia,* slander of title.

The parties stipulated that if the Yum Yum Tree payments were to be credited against the Davidson judgment, then, because of these and other direct payments, the Davidson judgment was fully satisfied, and Pacific American's judgment lien should be released.

The court concluded that: 1) Pacific American could not repudiate the terms and conditions of the 1976 stipulation and defeat its underlying purposes of satisfying the Davidson judgment without advising the parties to that stipulation, and obtaining a new agreement, or first obtaining a court order amending the stipulation; 2) Pacific American had not sustained its burden of proof under the complaint that it

had a valid, enforceable judgment lien against Federal Associates' property and, that "even if the burden is on the Defendant, that burden has been met"; and 3) Federal Associates had not sustained its burden of proof with respect to the slander of title claim. The trial court then ordered that a satisfaction of the 1974 Davidson judgment be entered.

Pacific American first contends that the court erred in finding that the stipulation had not been rescinded but merely amended by the parties. We disagree.

 A judgment entered with the consent of the parties, in this case by stipulation, is to be construed for enforcement purposes basically as a contract. *U.S. v. Northern Colorado Water Conservancy District*, 608 F.2d 422 (10th Cir. 1979). In so construing the stipulation here, its modification required mutual consent of the parties involved, either explicitly or inferred from the parties' conduct. *Reynolds v. Farber*, 40 Colo.App. 467, 577 P.2d 318 (1978).

 In *Reynolds*, this court held that the parties had only intended altering one clause of an agreement and that the balance of the agreement remained in full force and effect. Similarly, here, the trial court found that the parties agreed to alter the payment schedule, but did not alter the remainder of the stipulation which provided for the application of payments to the Davidson judgment. These findings, which are supported by the evidence, including the letters and the testimony of the parties, will not be disturbed upon review. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

 Further, the extension of time for payments agreed to by Federal Associates did not require consideration other than the mutual consent of the parties, and the original stipulation remained enforceable as amended. *Tallman v. Smith*, 112 Colo. 217, 148 P.2d 581 (1944).

The cases relied upon by Pacific American, *Fire Ass'n of Philadelphia v. Zorn*, 82 Colo. 408, 260 P. 685 (1927) and *George N. Sparling Coal Co. v. Colorado Pulp & Paper Co.*, 88 Colo. 523, 299 P. 41 (1931), are distinguishable on their facts. In *Fire Ass'n*, an insurance company, which had previously been discharged from further liability upon its payment into the court in the nature of interpleader, was allowed to reenter the case as a defendant and was returned most of its payment made into the court. The supreme court found that the original stipulation had been abrogated upon the insurance company's reentry into the case and that the plaintiff was allowed to pursue the full amount of his claim. Here, the parties agreed to a modification of the terms of the stipulation, and no unilateral action was taken.

In *George N. Sparling Coal Co.*, the court set aside a stipulation in which general creditors agreed to accept payments of 65 per cent from the receiver in installments "as rapidly as possible." The court found that the "promise of the general creditors to accept 65 per cent. carried with it a promise on the part of the receiver, express or implied, to *pay it*, and that it should be paid within a reasonable time." (emphasis in original) No payments were made under the stipulation by the receiver, and the creditors were forced to litigate to recover their payments. Here, full payment with interest was made by Yum Yum Tree on the note, and no further action was required on the part of Pacific American to be made whole on the note.

Nor is there any merit to Pacific American's assertion that the trial court erred in placing the burden of proof on it as to Federal Associate's claim of satisfaction of judgment. The trial court explicitly concluded that regardless of whether Pacific American or Federal Associates had the burden of proof, the evidence did not sustain a finding in favor of Pacific American.

The remaining contentions of Pacific American are without merit.

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.