The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Freddie D. HODGE,
Defendant-Appellant.

No. 82CA0055.

Colorado Court of Appeals,
Div. II.

June 21, 1984.

As Modified on Denial of Rehearing
July 19, 1984.

Certiorari Denied Jan. 14, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Freddie D. Hodge, appeals his conviction of second degree assault and the subsequent enhanced punishment imposed because of the jury's finding that he had incurred two previous felony convictions. We affirm.

Three vehicles were involved in a bumper to bumper collision at a Denver intersection. After the collision an argument ensued between a driver of the second car and the driver of the third vehicle. The driver of the third car stabbed the other driver in the chest. He then returned to his car and drove away. Criminal charges were filed against Hodge, alleged to be the driver of the third car, and a jury found him guilty.

## I.

Hodge first contends that the trial court should have declared a mistrial after he was improperly identified as the assailant by two prosecution witnesses, Linda Harden and Glen Dyer. We do not agree.

### A. Harden.

Harden was a pedestrian at the scene of the accident who had observed the assault

from 25 to 45 feet away. She testified at two previous trials of this same case but had not been asked to identify Hodge. Prior to the third trial, which resulted in the conviction that is the subject of this appeal, she told the prosecutor that it seemed to her that Hodge was the one who had done the stabbing. The prosecution did not so inform defense counsel. Harden then testified at this trial that Hodge looked like the assailant.

Harden had been shown a photographic lineup the day after the collision. She identified another man as the assailant. The next day she was shown a photographic display which included a picture of Hodge. Harden failed to identify him. She thereafter saw Hodge at the trials.

The trial court found the identification occurred in an extremely suggestive setting and, further, found that the prosecution had failed to demonstrate any independent basis for the identification. Accordingly, the identification was suppressed and stricken, but Hodge's motion for mistrial was denied.

■ Mistrial is a drastic remedy. Its denial will not be disturbed on review unless it is apparent that the court abused its discretion. *People v. Lowe*, 184 Colo. 182, 519 P.2d 344 (1974).

■ Here, we find no abuse of discretion. The trial court suppressed the identification, had it stricken, and instructed the jury to disregard it. It is presumed that the jurors followed the court's instructions. *People v. Mejia*, 188 Colo. 120, 534 P.2d 779 (1975).

## B. Dyer.

Dyer was an occupant of the first vehicle. During the first trial, before another judge, the prosecution confessed a defense motion to suppress witness Dyer's in-court and out-of-court identification of Hodge as the assailant. At the third trial, the People elicited testimony from a police officer regarding an out-of-court identification by Dyer. And Dyer testified on direct examination that he had observed at least one photograph after the incident which looked "very similar" to the assailant.

■ The defense made no contemporaneous objection to any of this testimony, did not move for mistrial, and did not cite this as error in the motion for new trial. By not objecting to the testimony at this trial, Hodge waived enforcement of any previous stipulation, agreement, or confession by the People. *Line v. People*, 153 Colo. 368, 386 P.2d 52 (1963); *People v. Watson*, 650 P.2d 1340 (Colo.App.1982).

## II.

Next, Hodge claims the trial court erred in admitting certain exhibits. We disagree.

These exhibits were offered during the habitual criminal phase of the trial. One is a felony information against Hodge showing that he had been previously convicted of second degree assault. There is reference therein to a more serious charge than the one of which he was convicted. The other exhibit was introduced to prove that Hodge had been previously convicted of second degree burglary. It shows that Hodge was sentenced to indeterminate to seven and one half years and paroled after one year and two months. Hodge claims it was error not to have excised the allegedly irrelevant and prejudicial portions thereof.

■ Both exhibits were admitted into evidence without objection and were not included in the motion for new trial. Therefore, the standard of review is plain error. Crim.P. 52(b); *People v. Smith*, 620 P.2d 232 (Colo.1981). We see no basis for concluding that the errors, if any, contributed to the jury's finding that Hodge had been convicted of these prior felonies and, therefore, hold that there was no plain error.

## III.

The original felony complaint was filed in the county court and did not include habitual criminal counts. After a preliminary hearing, the court found probable cause, and then granted a prosecution motion to add the habitual counts. These additional

counts were included in the information which was filed in the district court. Hodge contends that since the sole issue at a preliminary hearing is determining probable cause for substantive offenses, the county court lacked authority to permit the filing of habitual criminal counts.

A criminal complaint can have counts added to it. If the new charges are substantive, the defendant has the right to request another preliminary hearing. Section 16-5-301, C.R.S. (1978 Repl.Vol. 8). However, habitual criminal charges are not substantive offenses, are not the subject of a preliminary hearing, and can be bound over to the district court without the establishment of probable cause. *Maestas v. District Court*, 189 Colo. 443, 541 P.2d 889 (1975). Therefore, we hold there was no error in allowing the amendments.

Judgment affirmed.

SMITH and BERMAN, JJ., concur.