## No. 24607

**Louis Ben Romero v. The People of the State of Colorado**
(509 P.2d 301)

Decided April 23, 1973.

Paul E. Vranesic II, for plaintiff in error.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Romero was convicted of possessing a narcotic drug. The evidence revealed that two police officers observed the defendant drop a balloon on the sidewalk as the officers approached him. In the balloon were twenty capsules. A police chemist examined the contents of several of the capsules and found them to contain heroin.

On appeal, the defendant urges reversal because the trial court purportedly committed the following errors:

(1) The balloon and its contents should not have been allowed in evidence; (2) The trial court gave two erroneous instructions to the jury; and (3) The district attorney was permitted to ask several improper questions on cross-examination of character witnesses for the defense.

We find that none of these contentions constitute a basis for reversal. We therefore affirm the judgment.

I.

The defendant challenges as error, the introduction of the balloon, the capsules, their evidence envelope and its seal. His essential claim is that these items were not sufficiently identified and that the chain of evidence was not properly preserved. Also, included within this allegation of error is the defendant's assertion that since only several of the capsules were tested and found to contain heroin, it was improper to admit into evidence all twenty of the capsules found in the balloon.

Our examination of the record reveals that these items of evidence were properly and sufficiently identified and from the record of this case, we can find no basis for the defendant's claim that the chain of evidence was not properly preserved. Furthermore, the balloon and its contents were adequately accounted for from the time the balloon was dropped on the sidewalk by the defendant. *See Reynolds v. People,* 172 Colo. 137, 471 P.2d 417 (1970); *Claxton v. People,* 164 Colo. 283, 434 P.2d 407 (1967); and *Washington v. People,* 158 Colo. 115, 405 P.2d 735 (1965), *cert. den.* 383 U.S. 953, 86 S.Ct. 1217, 16 L.Ed.2d 215 (1965).

As to the defendant's suggestion that the unexamined portion of the capsules should not have been allowed into

evidence, we would point out that chemical analysis of approximately six of the twenty capsules, selected at random, showed the presence of a usable amount of heroin. That by itself was sufficient to sustain the conviction. Compare *People v. Theel,* 180 Colo. 349, 505 P.2d 964 (1973). Under these circumstances, it is our view that the introduction of the remaining capsules was not reversible error.

## II.

In his second allegation, the defendant maintains that two instructions were erroneous because one mentioned heroin and the other indicated that knowledge of the character of the drug can be inferred from the fact of its possession.

We have already concluded that admissible evidence established the presence of heroin in the balloon and therefore, it was permissible to instruct the jury on the subject.

As to the second questioned instruction, knowledge of the character of the drug is an essential element of possession. However, we have held that such knowledge may be inferred when the offending item was in the dominion or control of the defendant. *Moore v. People,* 171 Colo. 338, 467 P.2d 50 (1970). Here, the balloon containing the heroin was shown to have been in the defendant's actual physical possession before he dropped it on the sidewalk.

## III.

The defendant also complains that the trial court allowed the district attorney to read to the defendant's character witnesses the contents of C.R.S. 1963, 48-5-20(5): "Any person within the state of Colorado who shall be addicted to the use of narcotic drugs, or shall use narcotic drugs, or shall be under the influence of narcotic drugs, as defined in this article, except when such drugs are or have been administered by or under the direction of a person licensed and duly authorized by law to prescribe and administer narcotic drugs for bona fide medical needs, is a disorderly person and, shall, upon conviction, be confined in the county jail not less than six months, nor more than one

year."

The character witnesses had testified on direct examination that from the contacts they had had with the defendant and the community, they were of the view that he was known as a law abiding citizen. On cross-examination, the district attorney asked if their opinion would be the same if they knew that the defendant had been convicted of the above quoted statute. In accordance with *Pine v. People,* 168 Colo. 290, 455 P.2d 868 (1969); *People v. Futamata,* 140 Colo. 233, 343 P.2d 1058; and *Brindisi v. People,* 76 Colo. 244, 230 P. 797 (1924), the form of the question was proper except for the reading of the statute. It was error to permit the district attorney to read the statute, however, under the facts of this case, the error was de minimus and harmless.

Judgment affirmed.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur as to Points I and II, but dissent and would reverse on Point III.

MR. JUSTICE DAY does not participate.