## No. 26024

### The People of the State of Colorado v. Morris E. Stephenson
(529 P.2d 1333)

Decided December 2, 1974.     Rehearing denied January 20, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an appeal from a conviction for possession of narcotic drugs in violation of C.R.S. 1963, 48-5-2. The defendant alleges that the trial court erred in denying his motion to suppress and his motion to dismiss. We affirm.

On October 19, 1972, defendant Stephenson was arrested by a police officer who later testified at the suppression hearing that he observed the defendant walking toward him smoking a hand-rolled cigarette. The officer testified that when he was side by side with the defendant, he recognized the smell of burning marijuana. He then seized the cigarette, arrested and searched the defendant. Fourteen balloons containing heroin and cocaine were discovered on the defendant.

I.

Prior to trial, the defendant moved to suppress the evidence seized. The motion was denied on the ground that the search was incident to a lawful arrest. It is argued that there was no probable cause for the arrest and that the search of the defendant was therefore illegal. In *People v. Vigil,* 175 Colo. 421, 489 P.2d 593 (1971), this Court stated:

"[T]he strong odor of burning marijuana, and the smoke emerging from the doorway . . . was sufficient to constitute probable cause for . . . arrest on the illegal possession and use charge. *See*

*U.S. v. King,* 305 F. Supp. 630 (1969); *People v. Erb,* 128 Ill. App. 2d 126, 261 N.E.2d 431 (1970)."

In this case, the hand-rolled cigarette and the smell of burning marijuana were sufficient to constitute probable cause for arrest for possession. Accordingly, the subsequent search was justified as being incident to a valid arrest. The trial court's denial of the defendant's motion to suppress therefore was not incorrect.

## II.

The defendant next asserts that the trial court erred in denying defendant's motion to dismiss the possession charges. Defendant bases this allegation of error on the fact that there was no evidence presented as to the quantity of heroin and cocaine seized. The People's expert, Dr. Kathren M. Brown, testified that she tested the contents of each balloon and that the tests on the powder inside five balloons were positive for heroin, the total weight of the contents being 0.9 grams. The tests on the powder inside each of the remaining 9 balloons were positive for cocaine, the total weight of these contents being 1.8 grams. She further testified that, though her tests indicated that neither the heroin nor the cocaine were pure, she did not determine the percentage of heroin or cocaine in any of the samples.

Defendant contends that under *People v. Theel,* 180 Colo. 348, 505 P.2d 964 (1973), the People must prove that more than a mere trace was possessed by the defendant. We stated in that case:

*"Where the quantity involved is so minute that it amounts to only a trace,* there is no basis, from that fact alone, for any logical or reasonable inference that the defendant had knowledgeable possession." (emphasis added)

In *Theel,* two plastic bags with a minute quantity of matter were found. The fine grindings taken from the bags contained marijuana and were described as "trace amounts." The Court said:

"[O]nce the possession of at least a useable quantity is established, the knowledge of the presence and nature of the substance may be inferred."

In this case, although the defendant did not have in his possession large weight amounts of heroin and cocaine, they

cannot be described as "a mere trace." Clearly, the defendant possessed useable quantities of narcotics, and these amounts are sufficient to sustain his conviction for possession of heroin and cocaine. *See Romero v. People,* 181 Colo. 305, 509 P.2d 301 (1973).

The remaining allegations of error are without merit.

Judgment affirmed.

MR. JUSTICE DAY does not participate.