## No. 26050

## The People of the State of Colorado v. Ralph E. Atencio
(529 P.2d 636)

Decided December 23, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En-Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Ralph E. Atencio, elected to be tried by the court and was convicted of possession of heroin, a narcotic drug. C.R.S. 1963, 48-5-2. In his motion for a judgment of acquittal, the defendant argued that the evidence was insufficient to sustain a conviction of possession of heroin and that the district attorney failed to establish the chain of custody with respect to the contraband. A motion for a judgment of acquittal was denied, and the defendant appeals. We affirm.

I.

Sufficiency of the Evidence

Possession may be proved by showing that the defendant exercised dominion and control over the contraband substance. *People v. Storr,* 186 Colo. 242, 527 P.2d 878 (1974). The trial judge, as the trier of the fact, had the responsibility of resolving

conflicts in the evidence. In determining whether there was sufficient evidence to establish dominion and control, we will not substitute our judgment as to the weight of the evidence or the credibility of the witnesses for that of the trial judge. Our inquiry must be whether the district attorney established a prima facie case of possession. *See Digiallonardo v. People,* 175 Colo. 560, 488 P.2d 1109 (1971). As we announced in *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973):

"The issue before the trial judge is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *See People v. Marques,* 184 Colo. 262, 520 P.2d 113 (1974).

■ Gauged in the light of our standard, the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt. The facts in this case are similar to those which we find in every "dropsy" case. The police were told by an informant that the defendant had just sold some heroin at the Joy Lounge and that the informant had seen the sale take place. When the police responded to the tip, they saw the defendant and another individual in the parking lot of the Joy Lounge.

■ Detective Pietrafesco, who knew the defendant, called to him and saw the defendant spit something from his mouth and kick it under an automobile. Both the defendant and his companion were stopped, and a balloon containing heroin was recovered from beneath the car. The defendant denied possession, and admittedly, the evidence offered by the prosecution and that presented by the defense was in conflict. Under the circumstances, it was the duty of the trial judge, as the trier of the fact, to resolve the conflict. The determination of the factual dispute was within the province of the trial judge and is not subject to review by this court.

Accordingly, the defendant's motion for a judgment of acquittal was properly denied.

## II.
## Chain of Evidence

The defendant also asserts that the trial court erroneously ad-

mitted in evidence the heroin that came from the balloon. He claims the chain of evidence was incomplete because the custodian was not called to testify to the receipt and delivery of the balloon.

The general rule is that the prosecution must establish a chain of custody that will insure that the evidence offered is in the same condition that it was in at the time it was obtained. *White v. People,* 175 Colo. 119, 486 P.2d 4 (1971); *People v. Riser,* 47 Cal.2d 566, 305 P.2d 1 (1957). In the instant case, the district attorney met this burden and established the proper foundation with respect to the heroin. Within a short time after the arrest occurred, Detective Pietrafesco initialed and dated the balloon and placed it in a custodial envelope which he also initialed. The envelope was secured with metal clips and could not be opened without detection. The chemist who determined that the balloon contained heroin testified that when he received the envelope it had not been opened. After the chemist completed his analysis, he replaced the heroin in the envelope and resealed and initialed the envelope. In the course of the trial, both Detective Pietrafesco and the chemist identified the envelope, their initials, and explained the procedure which was followed to keep the heroin in the balloon intact. As we said in *White v. People, supra:*

"[T]he evidence relating to the dating and initialing of the evidence and the sealing of envelopes and evidence containers, makes it convincingly clear, that between the receipt of this evidence and the analysis, there was no tampering or substitution."

In this case, the chain of evidence was sufficient.

Accordingly, we affirm the defendant's conviction.