603 P.2d 967 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Michael WEST, Defendant-Appellant.
No. 78-992.
Colorado Court of Appeals.
September 20, 1979.
Rehearing Denied October 11, 1979.
J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.
J. Gregory Walta, Colorado State Public Defender, Bryan Morgan, Sp. State Public Defender, Denver, for defendant-appellant.
PIERCE, Judge.
Defendant, Michael West, appeals his conviction by a jury of possession of contraband in violation of § 18-8-204.1, C.R.S. 1973 (1978 Repl.Vol. 8). We affirm.
Defendant was charged by information with the possession of a dangerous drug while confined at the Medium Security Unit of the Colorado State Penitentiary. The prosecution's evidence at trial established that marijuana was discovered on defendant during a routine spot check at Medium Security. The marijuana was in a prescription bottle which had on it a name other than defendant's.
As a result of this discovery defendant was moved to the Maximum Security Unit. One of the officers who accompanied defendant to Maximum Security testified that two marijuana cigarettes were found on defendant in a "strip shake" performed upon defendant's arrival there. The officer *968 also testified that defendant was not out of his sight during the trip to Maximum Security and until he was searched.
One of defendant's theories at trial was that the prosecution failed to establish that his confinement at the penitentiary was lawful. The mittimus committing defendant to the Colorado State Reformatory was introduced into evidence, and defendant alleged that his transfer to the penitentiary had not been effected in accordance with the applicable statute, § 27-1-105, C.R.S.1973 (repealed effective August 1, 1977, Colo.Sess. Laws 1977, ch. 223, § 37 at 955). See § 17-1-105, C.R.S.1973 (1978 Repl.Vol. 8).
Defendant contends that the trial court committed reversible error in not instructing the jury on the lawfulness of his confinement at a detention facility as an essential element of possession of contraband. We find no error.
Section 18-8-204.1(1), C.R.S.1973, (1978 Repl.Vol. 8), provides in pertinent part:
"A person being confined in a detention facility commits the crime of possession of contraband if he knowingly obtains or has in his possession [a dangerous drug]."
There is no express requirement that persons convicted under § 18-8-204.1 be lawfully confined. Legislative recognition of the distinction between confinement and lawful confinement is evident when the provisions of §§ 18-8-205 through 208 are compared with those of §§ 18-8-202 through 204.1, C.R.S.1973 (1978 Repl.Vol. 8).
It is an established rule of statutory construction that the legislative intent is to be given effect whenever possible. People v. Stevens, 183 Colo. 399, 517 P.2d 1336 (1973). Here, the purpose of the statute was to control contraband in penal institutions. See People v. Stevens, supra. It is immaterial to the realization of that legislative purpose whether persons convicted under § 18-8-204.1, C.R.S.1973, are or are not lawfully confined within a detention facility. The critical fact to be established is that the accused person was confined as a prisoner in a detention facility.
Applying these principles here, we conclude that the trial court properly rejected defendant's amendment to its instructions on the elements of the offense. Hence, there was no error. See Simms v. People, 174 Colo. 85, 482 P.2d 974 (1971).
Relying upon Stull v. People, 140 Colo. 278, 344 P.2d 455 (1959), defendant also asserts that the trial court erred in not giving a limited purpose instruction for similar offenses in connection with the guard's testimony that marijuana was found on defendant upon his being transferred to Maximum Security following the discovery of the marijuana in his possession in Medium Security. This contention was not raised at trial nor in defendant's motion for new trial. He contends, however, that because he interposed a timely objection to the evidence, the failure of the trial court to instruct the jury sua sponte constituted plain error. We disagree.
Even assuming that a Stull instruction was required, but see People v. Gladney, 194 Colo. 68, 570 P.2d 231 (1977), and People v. American Health Care, Inc., Colo.App., 591 P.2d 1343 (1979), the failure to give such an instruction is not plain error. People v. Mullins, 188 Colo. 23, 532 P.2d 733 (1975); Moreno v. People, 156 Colo. 503, 400 P.2d 899 (1965). Hence, we are precluded from considering the issue as a basis for reversal. Crim.P. 33; People v. Billington, 191 Colo. 323, 552 P.2d 500 (1976); see also Peterson v. People, supra.
Defendant's reliance on Kostal v. People, 144 Colo. 505, 357 P.2d 70 (1960), for the proposition that plain error is committed under circumstances when evidence of similar transactions is admitted over objection is misplaced. In Kostal, the judgment of conviction was reversed because evidence of independent crimes had been erroneously admitted. Such is not the case here. People v. Gladney, supra.
We have considered the other contentions raised by defendant and find them to be without merit.
Judgment affirmed.
RULAND and BERMAN, JJ., concur.