The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Larry D. **WHITE**, Defendant-Appellant.

No. 82CA0582.

Colorado Court of Appeals, Div. I.

Feb. 9, 1984.

Rehearing Denied March 8, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Richard A. Hostetler, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Larry White, appeals his conviction of aggravated robbery, and mandatory sentencing for the use of a deadly weapon. We affirm.

On July 15, 1980, a King Soopers Store located in Denver was robbed of approximately $26,000. The head clerk of the King Soopers Store, Robert Rivas, was robbed at gun point at approximately 6:00 a.m., as he was preparing to open the store's safe.

On September 17, 1980, the same King Soopers Store was robbed of approximately $22,000. The head clerk at the time, Anthony Lobato, was robbed at gun point at approximately 6:30 a.m., as he was preparing to open the store. No arrests were made for these two robberies.

On March 15, 1981, the defendant was arrested at a King Soopers Store in Commerce City. At approximately 10:20 p.m., after he had locked up the King Soopers Store, Fidel Ortega, a security guard, noticed defendant as he was coming down from the loft in back of the produce room wearing a King Soopers apron. Ortega did not recognize defendant as an employee of the store, so he approached him in order to ascertain his identity. Defendant asserted that he was a new employee on the night crew. In order to verify his explanation, Ortega requested that defendant accompany him while he checked with the night crew foreman and head clerk. Ortega conducted a pat-down search, which revealed a loaded weapon in defendant's waist band. Ortega then advised defendant of his *Miranda* rights, and turned him over to the custody of Officer James E. Newton, who again gave defendant *Miranda* warnings.

Defendant was charged with one count of aggravated robbery, and one count of mandatory sentencing for violent crime, on each of the incidents. Defendant pled not guilty to all of the charges, his motion for separate trials was granted.

The conviction at issue on this appeal concerns his conviction, after a jury trial, of the September robbery of the Denver supermarket.

At trial, Ortega and Newton were permitted to testify regarding defendant's arrest in Commerce City. Testimony was received regarding appearance, attire, and possession of a loaded weapon. Defendant

objected to the history of the arrest evidence prior to its admission. However, there is no request for a contemporaneous limiting instruction in the record.

On the following day, defendant moved for a mistrial because of the lack of a contemporaneous limiting instruction. The motion for mistrial was denied by the trial court. However, the trial court did offer to give a cautionary instruction at that time. This offer was rejected by defendant.

Lobato and Rivas testified regarding the robberies in which they were involved. They testified to the perpetrator's appearance, attire, and use of a gun in perpetrating the robberies. The trial court gave an instruction prior to Rivas' testimony limiting its use to the sole purpose of establishing identity and, *sua sponte*, related the instruction to the prior testimony of the officers. A limiting instruction regarding similar transaction evidence was also given to the jury in the trial court's final instructions.

On appeal, defendant contends that, in admitting the testimony pertaining to the July robbery and the Commerce City arrest, the trial court erred by not adhering to the procedural and substantive safeguards mandated by *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959) and *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979). *See* CRE 404(b). In addition, defendant contends the trial court erred in denying his motion to suppress the evidence derived from the Commerce City arrest as that arrest was effected without a warrant and without probable cause. We disagree with both contentions.

■ An investigatory stop or limited search is justified on less than probable cause, if there is an articulable and specific basis in fact for suspecting that criminal activity has or is about to take place, the purpose of the intrusion is reasonable, and the scope and character of the intrusion is reasonably related to its purpose. *People v. Tate*, 657 P.2d 955 (Colo.1983). The record supports a conclusion that Ortega had a reasonable and articulable suspicion that criminal activity was afoot based upon the after-hours presence of an unfamiliar person in the King Soopers Store. Therefore, detention of the defendant for the purpose of conducting an on-the-scene investigation and a pat-down examination for self-protection was justified. *People v. Tate, supra; People v. Casias*, 193 Colo. 66, 563 P.2d 926 (1977).

■ The evidence and testimony pertaining to the Commerce City arrest were offered by the prosecution as history of defendant's arrest. If relevant, such evidence is admissible even though the arrest was made for a transaction separate and unrelated to the crime for which the defendant is charged and being tried. *Davis v. People*, 137 Colo. 113, 321 P.2d 1103 (1958). *See People v. Watson*, 650 P.2d 1340 (Colo.App.1982). Here, the testimony of Newton and Ortega as to defendant's appearance and attire was relevant to identity.

It is undisputed that the evidence concerning the Commerce City arrest is unrelated to the September robbery for which the defendant was being tried. And, although it was brought in as history of the arrest evidence, it involved the commission of a crime similar to the one charged, and perpetrated in a similar manner. As such, inherent in the evidence is the "damning innuendo likely to beget prejudice in the minds of jurors ...." *Stull v. People, supra.*

■ It is fundamental to our system of criminal jurisprudence, that a defendant "be tried on the offense charged in the information and no other." *Gill v. People*, 139 Colo. 401, 339 P.2d 1000 (1959). A defendant should not be tried for a crime wholly independent of the offense for which he is on trial. *Stull v. People, supra.* Accordingly, since the defendant was arrested for an unrelated yet similar crime to the one charged, the procedural requirements set forth in *Stull* should have been followed.

■ The People argue, however, that even if *Stull* is applicable, defendant is

precluded from raising this issue on appeal as a contemporaneous limiting instruction was not requested of the trial court. We agree.

 Our supreme court has stated that where the *Stull* requirements are applicable, the better practice would be to require the trial court to issue a contemporaneous limiting instruction regardless of whether it is requested. *People v. Scheidt*, 182 Colo. 374, 513 P.2d 446 (1973). However, it has refused to hold that the trial court's failure, *sua sponte*, to so instruct is plain error. *People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977). Thus, failure by the trial court to issue, *sua sponte*, a limiting instruction contemporaneously with the history of the arrest testimony does not constitute plain error. *People v. West*, 43 Colo.App. 246, 603 P.2d 967 (1979).

Defendant's final contention is that the trial court failed to comply with either the *Stull* procedural or the *Honey* substantive requirements in admitting Rivas' testimony regarding the July robbery of the King Soopers Store as similar transaction evidence establishing identity.

Defendant contends that under *Honey* and CRE 404(b), Rivas' testimony was not necessary to establish the defendant's identity as the perpetrator of the September robbery. Defendant contends that Lobato's testimony was competent to establish the defendant's identity, thereby rendering Rivas' testimony inadmissible. We disagree.

As in *Honey*, identity of the perpetrator was defendant's primary defense. In addition, on cross-examination of Lobato, defense counsel sought to impeach his ability to identify the defendant as the perpetrator of the September robbery. Under these facts, the identity of the defendant was clearly in controversy, rendering Rivas' testimony admissible for the purpose of establishing identity. *See People v. Honey, supra.* As such, we find no error on the part of the trial court in admitting Rivas' similar transaction testimony. *See People v. Crespin*, 631 P.2d 1144 (Colo.App.1981).

Finally, defendant contends that the contemporaneous limiting instruction given by the trial court in regard to Rivas' testimony was inadequate under *Stull*. This contention is without merit.

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.