The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Gordon Kelly STARK,**
Defendant-Appellant.

**No. 83SA302.**

Supreme Court of Colorado,
En Banc.

Nov. 26, 1984.

---

---

**10.** 30 U.S.C. § 23 (1982).

L. Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

NEIGHBORS, Justice.

The Logan County District Court found the defendant, Gordon Stark, guilty of possession of a narcotic drug, cocaine,[1] and sentenced him to the Department of Corrections for a term of two years plus one year of parole. The defendant appeals his conviction on two grounds. First, he contends that the trial court erred in denying his motion to suppress evidence because the affidavit failed to establish probable cause.[2] Second, he argues that there was insufficient evidence as a matter of law to

1. §§ 12–22–303 & 12–22–322(2)(b), 5 C.R.S. (1973).

2. This appeal was transferred to this court from the court of appeals pursuant to sections 13–4–109 to –110, 6 C.R.S. (1973), to consider this case in light of the principles announced by the

support the trial court's findings. We affirm the judgment of the trial court.

### I.

The defendant's conviction arose from a series of events which culminated on May 12, 1981, when the defendant's mobile home was searched and a small amount of cocaine was found in an apparatus used to crush and screen the drug. On that date, a Logan County Sheriff's Department Investigator, Richard Jackson, sought and obtained a warrant to search the defendant's residence for cocaine, cannabis, and drug paraphernalia, based upon the following affidavit:

An informant, which [sic] has proved to be reliable in the past, by the recovery of several stolen rifles and smaller objects, and the issuance of an arrest warrant for burglary. Also recovered were a small quantity of marijuana and several drug implements.

The said informant stated that on 5–10–81, he was in the residence located at 1149 North 8th Street, Sterling, Colorado to make a purchase of Marijuana. *The informant was told by the female occupant that Gordan Stark was bringing the Marijuana and some Cocaine to the trailer (above address) within the next two days.* The informant said that while he was in the trailer, he did see a Cocaine crusher on the television which is located in the living room. Also that he has seen a lot of drug paraphenalia [sic] located in a bedroom on the south end of the trailer at 1149 North 8th Street. Also that he has purchased Marijuana from Gordon Stark at the above address on several occasions.

*Also a neighbor of Gordon Stark has complained of an unusually large amount of traffic going to the Stark trailer. Subjects going into the trailer*

Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). However, our analysis leads us to the conclusion that we need not reach the *Gates* issues in this appeal.

*rearly (sic) stayed for more than a few minutes at a time.*

(Emphasis added.)

Investigator Jackson and several other officers executed the search warrant on May 12, 1981. When they arrived they found the door partially open, but no one in the mobile home. The officers entered the trailer, searched it, and seized several items, including a crusher, scales, other drug paraphernalia, and a picture of the defendant apparently engaged in the act of "snorting" cocaine. Investigator Jackson scraped a small amount of residue from the crusher and the sieve or screen which was inside the crusher. The substance was later identified as .16 grams of cocaine. The defendant was then charged by information with possession of cocaine on July 29, 1981.

The defendant filed a motion to suppress the evidence seized from the trailer on the ground that the affidavit did not establish probable cause to support the issuance of the search warrant. The trial court struck some portions of the affidavit (those portions emphasized above), but found that the remaining statements established probable cause. The trial court held:

> THAT there is sufficient indicia of reliability set forth in the Affidavit which described that the information [sic] has proved reliable in the past.

> FURTHER statements in the Affidavit by the informant are clearly against his penal interest by the admission that he was at the residence to purchase marijuana and that he has purchased marijuana in the past from the Defendant at the address.

> . . . .

> THEREFORE, that on the basis of statements remaining in the Affidavit, Court has found reliable, it appears there would be probable cause to believe that drug transactions, involving marijuana or cocaine, were being conducted in the location at 1149 North 8th Street, Sterling, Colorado.

> THEREFORE IT IS ORDERED, that on the basis of what remains in the Affidavit, the Court believes that probable cause and reliability were established and would deny the defendant's Motion to Suppress.

The defendant waived his right to a jury trial. After the prosecution rested its case, the defendant's motion for a judgment of acquittal was denied and he was found guilty of the charge by the court.

## II.

We first turn to the defendant's claim that the trial court erred when it denied his motion to suppress evidence seized from the mobile home. The defendant's argument is premised on the ground that the affidavit submitted in support of the search warrant fails to establish probable cause. The defendant concludes that the search warrant was illegally issued in violation of the fourth amendment to the United States Constitution and article II, section 7 of the Colorado Constitution.

The trial court employed the two-pronged standard formulated in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), in resolving the defendant's suppression motion. The trial court made its oral ruling in March 1982 and its written ruling in May 1982, before the United States Supreme Court announced its decision in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In *Gates*, the Court abandoned the two-prong *Aguilar-Spinelli* test in favor of the totality of circumstances standard in passing upon the sufficiency of affidavits submitted in support of arrest warrants. The People and the defendant have devoted much of their briefs on the suppression issue to the question of whether this court should apply the totality of circumstances standard promulgated by the Supreme Court in *Gates* to this case. Apparently, both parties assume that the affidavit here does not pass muster under the more rigid *Aguilar-Spinelli* test. We reject that assumption.

■ In this case, the defendant was found guilty of possession of .16 grams of

cocaine. That cocaine was removed from the crusher seized pursuant to the warrant. Therefore, we must evaluate the sufficiency of the affidavit in the context of the evidence which was seized and which formed the basis for the defendant's conviction.

The affidavit filed by Investigator Jackson stated that he had reason to believe that "Cocaine ... Cannabis [and] Drug paraphenalia [sic] such as scales, bongs, pipes and a *cocaine crusher*" were located on the premises known as 1149 North 8th Street, Sterling, Colorado. (Emphasis added.) Investigator Jackson's conclusion was based on information supplied by an unnamed informant who told the affiant that he was at the premises on May 10, 1981, to purchase marijuana and, while there, he saw the cocaine crusher on the television set in the living room.

▮ The first prong of the *Aguilar-Spinelli* test is the "basis of knowledge" requirement. The informant reported to the affiant that he was on the premises and observed the item of drug paraphernalia which was seized pursuant to the search warrant. Therefore, we hold that the informant's personal observations satisfy the basis-of-knowledge prong with regard to the cocaine crusher. *People v. Villiard,* 679 P.2d 593 (Colo.1984); *People v. Conwell,* 649 P.2d 1099 (Colo.1982); *People v. Clark,* 175 Colo. 446, 488 P.2d 565 (1971).

▮ The second prong of the *Aguilar-Spinelli* test, the "veracity" requirement, is similarly satisfied because the affiant stated that the informant had provided reliable information in the past and had made declarations against penal interest when he provided the affiant with the information contained in the affidavit. The fact that the informant provided information at an earlier date which resulted in the issuance of an arrest warrant, the recovery of stolen property, and the seizure of marijuana and

**3.** Because we resolve this case on the basis of the more rigid *Aguilar-Spinelli* standard, it is unnecessary to address *Gates.* Accordingly, we express no opinion as to the effect of *Gates* upon the result reached in this case. *See People*

drug implements is a significant consideration in establishing his reliability. *People v. Dailey,* 639 P.2d 1068 (Colo.1982); *People v. Arnold,* 186 Colo. 372, 527 P.2d 806 (1974). Moreover, the informant stated that he went to the mobile home to purchase marijuana on May 10, 1981, and admitted that he had purchased marijuana from the defendant at the premises to be searched on several prior occasions. We conclude that the informant's declarations against penal interest plus the statements establishing his prior reliability are sufficient to meet the veracity prong of the test. *Cf. People v. Villiard,* 679 P.2d 593 (Colo. 1984); *People v. Conwell,* 649 P.2d 1099 (Colo.1982). Accordingly, we hold that the search warrant was based on probable cause to believe that the crusher which was seized was present on the premises when the warrant was issued. Once the officers seized the crusher, they were justified in removing the cocaine found in the apparatus. The seizure of the cocaine did not violate constitutional requirements.[3]

### III.

▮ We next address the defendant's contention that the evidence was insufficient to establish his guilt beyond a reasonable doubt. In ruling on a motion for judgment of acquittal, the trial court

> must determine whether the evidence before the jury is sufficient in both quantity and quality to submit the issue of defendant's guilt or innocence to the jury.
>
> . . . .
>
> The issue before the trial judge is whether the relevant evidence, both direct and circumstantial, when viewed as a whole in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt.

*v. Villiard,* 679 P.2d 593, 598 n. 8 (Colo.1984). Nor must we decide whether the trial court properly struck those portions of the affidavit not material to our decision.

*People v. Gonzales,* 666 P.2d 123, 127 (Colo.1983) (quoting *People v. Bennett,* 183 Colo. 125, 129–30, 515 P.2d 466, 468–69 (1973) ). The trial court must weigh the evidence giving the prosecution "the benefit of every reasonable inference which might be fairly drawn from the evidence." *Gonzales,* 666 P.2d at 128. However, verdicts in criminal cases may not be based on guessing, speculation, or conjecture. *Id.*

■■■ Before a person may be convicted of possession of cocaine, the prosecution must establish that the defendant had knowledge that he was in possession of a narcotic drug and that he knowingly intended to possess the drug. *See People v. Quick,* 190 Colo. 171, 544 P.2d 629 (1976); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). A conviction for possession of a narcotic drug may be predicated upon circumstantial evidence. *People v. Vigil,* 175 Colo. 421, 489 P.2d 593 (1971); *Petty v. People,* 167 Colo. 240, 447 P.2d 217 (1968). The drug need not be found on the person of the defendant, as long as it is found in a place under his dominion and control. *People v. Chavez,* 182 Colo. 216, 511 P.2d 883 (1973); *Petty,* 167 Colo. at 245, 447 P.2d at 220; *Duran v. People,* 145 Colo. 563, 360 P.2d 132 (1961). If possession is established, "knowledge of the character of the drug and the fact that it is possessed can be inferred therefrom." *Petty,* 167 Colo. at 245, 447 P.2d at 220. However, where a person is not in exclusive possession of the premises in which drugs are found, such an inference may not be drawn "unless there are statements or other circumstances tending to buttress the inference." *Id.* at 246, 447 P.2d at 220. *See also People v. Steed,* 189 Colo. 212, 540 P.2d 323 (1975) (where there is nothing to link the defendant to the possession of a narcotic found in the defendant's apartment in the proximity of nine other people, the defendant is entitled to a judgment of acquittal); *Feltes v. People,* 178 Colo. 409, 417, 498 P.2d 1128, 1132 (1972) ("[m]ere presence without another additional link in the evidence will not sustain a conviction for possession"). *But see People v. Storr,* 186 Colo. 242, 527 P.2d 878 (1974) (even though the drug was found in a van which was not owned or driven by the defendant, the prosecution introduced sufficient evidence to associate the defendant with the drug); *People v. Wilkie,* 185 Colo. 149, 522 P.2d 727 (1974) (where drugs were found in the refrigerator of an apartment that defendant shared with three others, there was sufficient evidence to sustain the defendant's conviction).

■■■ The trial judge, as the trier of fact, "had the responsibility of resolving conflicts in the evidence." *People v. Atencio,* 187 Colo. 226, 227–28, 529 P.2d 636, 637 (1974). "[W]e will not substitute our judgment as to the weight of the evidence or the credibility of the witnesses for that of the trial judge." *Id.* In the present case, the evidence is sufficient to sustain the defendant's conviction. The amount of cocaine seized, while not a large weight, was a usable quantity and not a "mere trace." *See People v. Stephenson,* 187 Colo. 94, 529 P.2d 1333 (1974); *People v. Theel,* 180 Colo. 348, 505 P.2d 964 (1973). The evidence established that the defendant lived in the mobile home, although he did not have exclusive possession of it. The prosecution's principal witness, who was the defendant's roommate, testified that the cocaine crusher had been in the residence since she moved there. She testified that the defendant had used the crusher numerous times, and although she also stated that "ten to fifteen" other people also used it, the inference that the defendant possessed the cocaine contained in the crusher and sieve was a permissible one for the trial court to draw.

The judgment of the trial court is affirmed.