The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

Joseph W. **HIGGINS,** Defendant–
Appellant.

No. 92CA1626.

Colorado Court of Appeals,
Div. II.

March 10, 1994.

Rehearing Denied April 14, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jonathan Arnold Abbott, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Joseph W. Higgins, pro se.

Opinion by Judge JONES.

Defendant, Joseph W. Higgins, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of possession of contraband (marihuana) in the first degree. We affirm.

Defendant was arrested and taken into custody at a lockup facility at the El Paso County Criminal Justice Center. He was held for investigation of certain offenses. On his second day in the jail, he was observed by a deputy sheriff with marihuana in his possession. A week later, the charges for which he was originally arrested were dismissed at the request of the prosecutor's office.

Several days thereafter, a district judge authorized the direct filing of an information charging defendant with possession of contraband in the first degree. After a jury trial, he was convicted and sentenced to 2 years imprisonment. This appeal followed.

I.

■ Defendant contends that the evidence was insufficient to establish the element of the offense specifying that he be confined in a detention facility when the contraband is in his possession. We disagree.

Section 18–8–204.1(1), C.R.S. (1993 Cum. Supp.) provides that a person, while confined in a detention facility, "commits the crime of possession of contraband in the first degree if he knowingly obtains or has in his possession contraband as listed in section 18–8–203(1)(a) or alcohol; except that this subsection (1) shall not apply to contraband specified in section 18–18–405." Detention facility is defined as: "any building, structure ... institution, or place, whether permanent or temporary, fixed or mobile, where persons are or may be lawfully held in custody or confinement under the authority of the United States, the state of Colorado, or any political subdivision of the state of Colorado." Section 18–8–203(3), C.R.S. (1986 Repl.Vol. 8B)

■ There is no express requirement that persons convicted under § 18–8–204.1, C.R.S. (1993 Cum.Supp.) be lawfully confined. What is important to the legislative purpose of the statute, which is "to control contraband in penal institutions," is that persons confined in such institutions, whether lawfully or not, not be in possession of contraband. *People v. West*, 43 Colo.App. 246, 247, 603 P.2d 967, 968 (1979).

Hence, we find no merit in defendant's assertion that, because he had not yet been convicted of a crime, and was not convicted of the crimes of which he was accused and which led to his incarceration at that time, he was not subject to prosecution under the statute. Thus, the trial court did not err in denying the motion to dismiss asserting these grounds.

II.

■ Defendant next contends that the trial court erred in refusing to allow him to assert a legal defense by reference to a portion of § 18–8–204.1, C.R.S. (1993 Cum. Supp.). We perceive no error.

The statute under which defendant was charged here provides an exception for contraband specified in § 18–18–405, C.R.S. (1993 Cum.Supp.). In general, § 18–18–405

prohibits distribution, manufacturing, dispensing, sale, and possession of controlled substances, or assisting or conspiring with others to do so. However, the latter statute, in classifying and setting forth penalties for the named offenses, states a specific exception as to conduct involving marihuana and its concentrate. Section 18–18–405(2), C.R.S. (1993 Cum.Supp.).

Based upon these statutory references to marihuana, defendant sought to argue that he was not subject to conviction under the provisions of § 18–8–204.1(1), C.R.S. (1993 Cum.Supp.). The trial court denied the defendant's request to instruct the jury on his theory of defense in this regard. We find no error.

An analysis of the relevant statutes, when read *in pari materia,* reveals that the General Assembly sought to establish specific crimes for obtaining, possessing, or making, while in custody in a detention facility, "a dangerous instrument," which may include a firearm, explosive device, or other weapon, alcoholic beverages, or "marihuana or marihuana concentrate." Section 18–8–203(1)(a) and (b), and 18–8–203(4), C.R.S. (1986 Repl. Vol. 8B); § 18–8–204.1, C.R.S. (1993 Cum. Supp.). *See People v. Greenwell,* 830 P.2d 1116 (Colo.App.1992).

In establishing these offenses as class four felonies, § 18–8–203(2), C.R.S. (1986 Repl. Vol. 8B), and class 6 felonies, § 18–8–204.1, C.R.S. (1993 Cum.Supp.), the General Assembly plainly sought to distinguish them from the more general and substantive offenses set forth in § 18–18–405, some of which may be class 2 or class 3 felonies, may carry severe mandatory penalties, and which are not limited as to the locale in which they may be committed, by excepting those substances (or contraband) set forth in § 18–18–405 from the reach of § 18–8–204.1.

Thus, while marihuana is specifically included in § 18–8–203(1)(a), it is excluded from § 18–18–405. This puts marihuana within the scope of § 18–8–204.1(1) as a class of prohibited contraband. *See People v. Greenwell, supra.*

Accordingly, defendant's purported affirmative defense has no support in the law,

and the refusal to instruct the jury in that manner was not error.

## III.

Defendant further contends that the trial court wrongfully denied his motion for post-conviction relief during his sentencing hearing. We disagree.

The motion for post-conviction relief raised the two issues previously addressed in this opinion. For the reasons previously stated, we conclude that the trial court properly denied the motion for post-conviction relief.

## IV.

■ Defendant contends that the criminal information was not properly filed against him pursuant to Crim.P. 7. We disagree.

The trial court denied defendant's motion to dismiss based upon the prosecution's alleged failure to comply with Crim.P. 7, finding that there was no failure of the prosecution to advise the trial court of a prior dismissal of an identical charge.

Crim.P. 7(c) allows the prosecution to file a direct information if the prosecutor obtains the consent of the court having trial jurisdiction and no complaint was filed against the accused person in the county court pursuant to Crim.P. 5. Such consent by the court was obtained here, and inasmuch as the dismissed case involved separate and distinct charges, the trial court did not err in denying the defendant's motion to dismiss.

## V.

■ Defendant finally contends that the information was fatally defective because it omitted the words "against the peace and dignity of the [People of the State of Colorado]." We disagree.

Technical defects in the form of an information do not require reversal unless the substantial rights of the defendant are prejudiced. *People v. Hunter,* 666 P.2d 570 (Colo. 1983). Here, the technical defect in the form of the information did not prejudice the de-

fendant's substantial rights, and therefore, we find no reversible error.

The judgment is affirmed.

METZGER and NEY, JJ., concur.